CURVCRAFT, INCORPORATED v. J.C.F. & ASSOCIATES, INCORPORATED

No. 8611SC547

(Filed 17 February 1987)

**Process § 14.3— nonresident corporation—insufficient contacts with N.C.—no jurisdiction in N.C.**

> In an action to recover damages for breach of contract arising out of the sale of office chairs, defendant's contacts with N.C. were insufficient to support the exercise of *in personam* jurisdiction where defendant was a resident of Maryland; plaintiff, a corporation authorized to do business in N.C., initiated contact with and solicited the services of defendant corporation; contract negotiations occurred outside N.C. and the services to be performed under the contract were to occur outside N.C.; there was no indication that defendant ever owned property in or maintained an office in N.C.; defendant never traveled to N.C. in connection with the contract; and defendant's only contact with N.C. in this case appeared to be through phone calls, the shipment of office chairs f.o.b. Dunn, N.C., and the receipt of one commission check.

APPEAL by plaintiff from *Herring, Judge.* Order entered 24 March 1986. Heard in the Court of Appeals 22 October 1986.

Plaintiff, Curvcraft, Incorporated, instituted this action seeking money damages for breach of contract arising out of the sale of goods between the parties. Defendant, J.C.F. & Associates, Incorporated, moved the court to dismiss the action for lack of personal jurisdiction. The trial court granted defendant's motion. From the order dismissing this action plaintiff appeals.

*Lawrence, Evans & Mazer, by Lawrence F. Mazer, attorney for plaintiff appellant.*

*Maupin Taylor Ellis & Adams, P.A., by Mark S. Thomas, attorney for defendant appellee.*

ORR, Judge.

The sole issue in this case is whether the trial court properly dismissed plaintiff's action for lack of personal jurisdiction. In affirming the trial court's dismissal, we hold that defendant's activities failed to meet the minimum contacts test, and therefore, exercise of jurisdiction would offend due process.

Defendant is a Maryland corporation which markets, sells, and distributes products for commission. Plaintiff is authorized to

do business in North Carolina and manufactures office chairs there. In August 1985 plaintiff's representatives, on plaintiff's initiative, visited defendant's offices in Silver Spring, Maryland. There the parties discussed a contract whereby defendant would represent and act as the local distributor for Curvcraft in Maryland, Virginia, and the District of Columbia. At this meeting Curvcraft and J.C.F. representatives reached a distribution agreement which was later reduced to writing.

Subject to this agreement, plaintiff shipped office chairs from its Dunn, North Carolina facilities to defendant's Maryland offices on three occasions. The first order was placed when Curvcraft representatives visited Maryland to enter into the distribution agreement. The order for the second shipment was made pursuant to a call from defendant's office to plaintiff's Dunn, North Carolina office. The third shipment resulted from an order placed with plaintiff at a Chicago trade show. Defendant received one commission check for chairs it sold in the contract service area. Contract performance between the parties came to a halt in November 1985.

The resolution of the question of *in personam* jurisdiction involves a two-pronged test: (1) whether North Carolina's long-arm statute permits courts in this jurisdiction to entertain the action, and (2) whether exercise of this jurisdictional power comports with due process of law. *E.g., Miller v. Kite*, 313 N.C. 474, 329 S.E. 2d 663 (1985); *Dillon v. Funding Corp.*, 291 N.C. 674, 231 S.E. 2d 629 (1977).

In answer to the first inquiry Curvcraft contends that N.C.G.S. § 1-75.4(5)(d) justifies the assertion of jurisdiction over J.C.F. & Associates. This statute confers on our courts the authority to exercise personal jurisdiction in any action that "[r]elates to goods . . . shipped from this State by the plaintiff to the defendant on his order or direction." *Id.* Since this issue was not contested, we conclude that a statutory basis for jurisdiction exists.

Notwithstanding the existence of a statutory basis for jurisdiction, due process prohibits our state courts from exercising that jurisdiction unless the defendant has had certain "minimum contacts" with the State that satisfy "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washing-*

*ton*, 326 U.S. 310, 90 L.Ed. 95 (1945). On facts similar to those in the case *sub judice*, this Court has held that such "minimum contacts" do not exist. *Cameron-Brown Co. v. Daves*, 83 N.C. App. 281, 350 S.E. 2d 111 (1986).

In *Cameron-Brown Co.*, this Court upheld an order dismissing an action for lack of personal jurisdiction. The action had been instituted by a North Carolina corporation to recover unpaid insurance premiums from a South Carolina defendant. This Court's holding, that minimum contacts were insufficient, was based on the following facts: (1) defendant was a South Carolina resident; (2) the insured vehicles and equipment were located in South Carolina; (3) Cameron-Brown initiated contact with and solicited business from the defendant; (4) contract negotiations occurred in South Carolina; and (5) defendant owned no property in North Carolina nor had he ever traveled here to conduct business with Cameron-Brown. In essence defendant's only contact with North Carolina was the mailing of premium payments to Cameron-Brown's Charlotte office pursuant to the insurance contracts.

As was true in *Cameron-Brown Co.*, defendant in the case *sub judice* is a nonresident. Similarly, plaintiff, a corporation authorized to do business in North Carolina, initiated contact with and solicited the services of defendant corporation. Contract negotiations occurred outside of this State, and the services to be performed under the contract were to occur outside North Carolina. There is no indication that defendant has ever owned property in or maintained an office in North Carolina. Defendant has never traveled to North Carolina in connection with this contract. Defendant's only contact with North Carolina in this case appears to be through phone calls, the shipment of office chairs f.o.b. Dunn, North Carolina, and receipt of one commission check.

We therefore hold these contacts to be insufficient to support the exercise of *in personam* jurisdiction. The order of the court below is

Affirmed.

Judges WELLS and BECTON concur.