DURHAM COUNTY AND ELLEN MARIE CAPPARELLA v. HAROLD STEVE
RIGGSBEE

No. 8114DC704

(Filed 6 April 1982)

Bastards § 9— inability to relitigate paternity
     The trial court lacked authority to attempt to relitigate an issue of pater-
     nity since the issue had been finally determined more than three years earlier.

APPEAL by plaintiffs from *Galloway, Judge.* Order entered 23
April 1981 in District Court, DURHAM County. Heard in the Court
of Appeals 8 March 1982.

*Durham County Attorney's Office, by Assistant County At-*
*torneys Thomas Russell Odom and S. C. Kitchen, for plaintiff ap-*
*pellants.*

*Clayton and Myrick, by Ronald G. Coulter, for defendant ap-*
*pellee.*

VAUGHN, Judge.

On 13 October 1976, defendant was ordered to pay plaintiff
Capparella, defendant's former wife, $40.00 each week for the sup-
port of a minor child which the court found to have been born to
the marriage. The issue of paternity was raised and fully litigated
in that proceeding. Defendant did not appeal and complied with
the order through January 1978.

Plaintiff Capparella began receiving public assistance in the
form of AFDC through the Durham County Department of Social
Services and that resulted in the assignment of her right to ob-
tain child support under the provisions of G.S. 110-137. In
February 1981, plaintiff County filed a motion in the cause seek-
ing wage garnishment pursuant to G.S. 110-136 to enforce the
child support order.

Defendant then filed a "Motion for Discovery and Stay of Proceedings." The motion was filed under General Statute Rule 35(a). He alleged that he had learned of "a different and reportedly more reliable method for testing a child's paternity. . . ."

On 23 April 1981, Judge Galloway entered an order requiring the mother, father and their child to submit themselves to a tissue typing test, and ordered that the garnishment proceeding be stayed pending the results of the tests.

The judge's lack of authority to attempt to relitigate an issue that had been finally determined more than four years earlier is so obvious that no discussion of the question need be made.

The order is void, and the same is hereby vacated.

Vacated.

Chief Judge MORRIS and Judge HEDRICK concur.