LINDA S. HOLT v. BILLY SHOFFNER

No. 8218DC836

(Filed 19 July 1983)

Bastards § 1— acknowledgment of paternity—subsequent dismissal of order of
     paternity error
          Under G.S. 110-132(a), the trial judge erred in dismissing an order of
     paternity which was entered after defendant executed a written acknowledg-
     ment of paternity and a written voluntary support agreement and after plain-
     tiff affirmed the fact that she and defendant were the parents of the child.
     Because the previous proceedings determined the paternity issue, the trial
     judge had no authority to dismiss a show cause action without prejudice which
     concerned failure of defendant to provide support.

APPEAL by plaintiff from *Lowe, Judge.* Order entered 12 July 1982 in District Court, GUILFORD County. Heard in the Court of Appeals 9 June 1983.

This is an action by the Guilford County Support Enforcement Office to reinstate child support payments due from the defendant to the Department of Human Resources and to set the amount owed.

On 24 October 1978, the defendant executed under oath an acknowledgment of paternity. He declared that he was the natural father of William Thomasray Holt. On the same day he entered into a voluntary support agreement under which he agreed to pay $15 per week to the Guilford County Clerk of Superior Court.

On 26 October 1978, District Court Judge Gordon Gentry entered an order of paternity in which he approved the defendant's acknowledgment of paternity and an affirmation by the plaintiff that the defendant was the natural father of the child. The order said that it "henceforth shall have the same force and effect as a Judgment of Paternity entered by this court pursuant to N.C.G.S. Chapter 110."

On the same date, Judge Gentry approved the voluntary support agreement entered into by the defendant. The support agreement also was to have the same effect as a court order.

At a show cause hearing on 22 October 1979, the defendant stated that he had not made child support payments as ordered because he was not the child's father. The matter was continued for 60 days to allow the defendant an opportunity to go to court to determine if he is the child's father.

After a hearing on 21 April 1980, District Court Judge Joseph Williams entered a 30 April 1980 order dismissing Guilford County's action without prejudice.

The plaintiff alleges in the present action that the 30 April 1980 order is void because the court did not have authority to dismiss the October 1978 order of paternity. After the trial judge denied a motion to reinstate the defendant's payments under his October 1978 voluntary support agreement and to set the amount in arrears, the plaintiff appealed.

*Assistant Guilford County Attorney J. Edwin Pons for the plaintiff-appellant.*

*No brief filed for the defendant-appellee.*

ARNOLD, Judge.

G.S. 110-132(a) decides this action. That statute states:

> In lieu of or in conclusion of any legal proceeding instituted to establish paternity, the written acknowledgment of paternity executed by the putative father of the dependent child when accompanied by a written affirmation of paternity executed and sworn to by the mother of the dependent child and filed with and approved by a judge of the district court in the county where the mother of the child resides or is found, or in the county where the putative father resides or is found, or in the county where the child resides or is found shall have the same force and effect as a judgment of that court; and a written agreement to support said child by periodic payments . . . when acknowledged as provided herein, filed with, and approved by a judge of the district court at any time, shall have the same force and effect as an order of support entered by that court, and shall be enforceable and subject to modification in the same manner as is provided by law for orders of the court in such case.

In October 1978, the defendant executed a written acknowledgment of paternity and a written voluntary support agreement. The plaintiff affirmed the fact that she and the defendant were the parents of the child. All of these documents were approved by a district court judge. Thus, the statute was complied with and the 1978 documents were a determination of the paternity question. *See also*, 3 R. Lee, N.C. Family Law § 251 (4th ed. 1981).

Because the 1978 proceedings determined the paternity question, the trial judge in the 1980 order had no authority to dismiss Guilford County's show cause action without prejudice. *See Durham County v. Riggsbee*, 56 N.C. App. 744, 745, 289 S.E. 2d 579, 579 (1982). As a result, the 12 July 1982 order that is the subject of this appeal was erroneously entered. There is no evidence in the record to support the finding of fact that a full hearing on the paternity issue was conducted at the 1980 hearing.

Because the July 1982 order incorrectly relied on the erroneous April 1980 order, we reverse it.

Judges WEBB and BRASWELL concur.