PERSON COUNTY EX REL. JENNIFER YVETTE LESTER v. MICHAEL HOLLOWAY

No. 849SC994

(Filed 21 May 1985)

**Bastards § 10; Parent and Child § 7— order of paternity—improper attack by motion for blood grouping test**

    Where the court entered a judgment of paternity pursuant to an affirmation of paternity signed by plaintiff mother and an acknowledgment of paternity signed by defendant, and defendant executed a sworn voluntary child support agreement, defendant could not thereafter attack the paternity judgment by a *motion for a blood grouping test in the course of a proceeding* related solely to support. G.S. 110-132(a) and (b).

APPEAL by plaintiff from *Allen, Judge*. Order entered 17 July 1984 in District Court, PERSON County. Heard in the Court of Appeals 6 May 1985.

Plaintiff appeals from an order, pursuant to G.S. 8-50.1 and G.S. 49-7, allowing a motion for a blood grouping test.

*Jackson & Hicks, by Thomas L. Fitzgerald, for plaintiff appellant.*

*No brief filed for defendant appellee.*

WHICHARD, Judge.

I.

The appeal is from an interlocutory order. In the exercise of our discretion we nevertheless consider it to expedite decision in the public interest.

II.

Pursuant to an affirmation of paternity signed by plaintiff mother and an acknowledgment of paternity signed by defendant, on 27 August 1980 the court entered an Order of Paternity having the force and effect of a judgment. G.S. 110-132(a). On the same day defendant executed a sworn voluntary support agreement consenting to pay $100 per month toward the support of his minor child. On 4 September 1980 the court entered an order, which had the force and effect of a court order of support, approving this agreement. G.S. 110-133.

For failure to make payments when due, on 31 January 1984 defendant was ordered to appear and show cause why he should not be held in contempt. In response defendant moved for a blood grouping test, which motion the court granted on 17 July 1984. Defendant thus attempts to attack a paternity judgment in the course of a subsequent proceeding related solely to support. This he may not do. G.S. 110-132(b).

In *Beaufort County v. Hopkins*, 62 N.C. App. 321, 323, 302 S.E. 2d 662, 663 (1983) this Court stated,

> [A] voluntary support agreement may, upon motion and a showing of changed circumstances, be modified or vacated at any time. [Citations omitted.] It cannot, however, be modified or vacated on the basis of relitigation, in a proceeding related solely to the order for support, of the paternity issue. That issue is *res judicata* and 'shall not be reconsidered by the court' in such a proceeding.

*See also Durham County v. Riggsbee*, 56 N.C. App. 744, 289 S.E. 2d 579 (1982).

The order is thus vacated and the cause remanded for further proceedings on the order to appear and show cause for failure to comply with the support order.

Vacated and remanded.

Chief Judge HEDRICK and Judge WEBB concur.