HERBERT NELSON COATS v. SHIRLEY TEMPLE COATS

No. 8521DC1040

(Filed 18 February 1986)

**Rules of Civil Procedure § 59— amendment of judgment—10-day limit**
　　　The trial court had no authority to alter or amend a judgment under N.C.G.S. 1A-1, Rule 59 pursuant to a motion made more than 10 days after entry of the judgment sought to be altered or amended.

APPEAL by the defendant from *Gatto, Judge.* Judgment entered 23 May 1985 in District Court, FORSYTH County. Heard in the Court of Appeals 12 February 1986.

---

Coats v. Coats

---

*Leonard, Tanis and Cleland, by Robert K. Leonard, for plaintiff appellee.*

*Mast, Tew, Morris, Hudson & Schulz, by George B. Mast and Bradley N. Schulz, for defendant appellant.*

WEBB, Judge.

On 8 November 1982 the parties named in this action entered into a separation agreement wherein the plaintiff agreed to pay support to the defendant. It was also agreed therein that "the terms and provisions of this Agreement may be incorporated in a divorce judgment and [sic] the terms of which may be enforceable as a court order."

The parties were absolutely divorced by judgment entered 31 October 1983. The separation agreement was not incorporated into that judgment. On 19 April 1985 the plaintiff filed in the District Court of Forsyth County a motion to have the separation agreement incorporated into the divorce judgment entered on 31 October 1983.

Although not so designated, plaintiff's motion is essentially one made pursuant to G.S. 1A-1, Rule 59 to alter or amend the judgment entered on 31 October 1983. The trial court has no authority to alter or amend a judgment under this rule pursuant to a motion made more than 10 days after entry of the judgment sought to be altered or amended. Thus, the order appealed from must be vacated.

Vacated.

Chief Judge HEDRICK and Judge PARKER concur.