HARRY W. HAGWOOD AND EXIE ELIZABETH HAGWOOD v. TONI JEAN ODOM AND SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY

No. 8710SC283

(Filed 2 February 1988)

1. **Negligence § 13.1; Automobiles and Other Vehicles § 45— automobile accident —failure to wear seat belt—not admissible**

    The trial court did not err in a negligence action arising from an automobile accident which occurred on 7 October 1982 by not allowing evidence on whether plaintiff was wearing his seat belt. N.C.G.S. § 20-135.2A(d), which prohibits introduction of failure to wear a seat belt in all actions except those based on violation of that statute, was not effective until 1 October 1985; but *Miller v. Miller,* 273 N.C. 228 (1968), held that a motorist does not have a duty to use seat belts without knowledge of a prior specific hazard not generally associated with highway travel.

2. **Damages § 9— automobile accident—mitigation of damages—wearing seat belt not required**

    The trial judge in an automobile accident case committed no error in failing to instruct the jury that plaintiff's failure to fasten his seat belt could be used to reduce or minimize his damages. The duty to minimize damages arises only after the negligent act of a defendant and the failure of a plaintiff to fasten his seat belt necessarily occurs before defendant's allegedly negligent act.

3. **Judgments § 55— automobile accident—prejudgment interest—no evidence of lack of liability insurance**

    The trial judge did not err in an automobile accident case by awarding prejudgment interest against defendant Odom where the record reveals no evidence presented to the trial court indicating that Odom did not have liability insurance. N.C.G.S. § 24-5.

4. **Rules of Civil Procedure § 60.2— automobile accident—prejudgment interest— Rule 60 motion denied**

    The trial court did not err in an automobile accident case by denying defendant's Rule 60(b) motion requesting the court to modify its judgment assess-

---

---

ing prejudgment interest where defendants offered no reason why evidence concerning liability insurance was not introduced before the judgment was entered, and the appropriate remedy for errors of law committed by the court is either appeal or a timely motion for relief under N.C.G.S. § 1A-1, Rule 59(a)(8) (1983).

APPEAL by defendants from *McLellan, Judge.* Judgment entered 16 December 1986 in Superior Court, WAKE County. Heard in the Court of Appeals 1 October 1987.

*Weeks, Tantum, Hamrick & Jordan, by J. Michael Weeks, for plaintiff-appellees.*

*Emanuel and Emanuel, by Robert L. Emanuel and Stephen A. Dunn, for defendant-appellants.*

GREENE, Judge.

Plaintiff Harry W. Hagwood (hereinafter, "Hagwood" or "plaintiff") and his wife alleged defendant Odom, an employee of defendant Southern Bell Telephone and Telegraph Company (hereinafter, "Southern Bell"), negligently operated a truck which proximately caused plaintiffs' injuries. Defendants answered that Hagwood's failure to utilize a seat belt was contributory negligence. Prior to trial, the court entered an order *in limine* prohibiting defendants' counsel and witnesses from informing the jury that the plaintiff "was or was not wearing a seat belt at the time of the accident." At trial, defendants admitted their negligence and defended on the grounds of plaintiff's contributory negligence and the lack of proximate cause; however, the only issue submitted to the jury was the amount of damages to which Hagwood was entitled. Defendants requested the trial judge instruct the jury as follows:

"If the jury shall find by the greater weight of the evidence:

a) that on October 7, 1982, there existed reliable scientific evidence that the use of seat belt and shoulder harnesses by drivers of motor vehicles significantly reduced the risk of those drivers suffering severe bodily injuries from accidents in which they might become involved; and

b) that there was substantial public recognition and awareness of those conclusions in general and on the part of plaintiff in particular;

Then the jury shall go on to consider and determine whether the plaintiff Harry Hagwood's failure to wear a seat belt and shoulder harness on October 7, 1982, significantly contributed to the nature or extent of the injuries he suffered; and

Should the jury so find, it should then reduce any damages it would otherwise find Harry Hagwood suffered by such amount or proportions as the jury may find is attributable to his failure to utilize his available seat belt and shoulder harness."

The trial judge refused to instruct the jury as requested. The jury returned a verdict against defendants, jointly and severally, in the amount of $94,300. The trial court accordingly entered judgment and allowed prejudgment interest against Odom. After entry of the order, defendants moved under N.C.G.S. Sec. 1A-1, Rule 60(b) (1983) to set aside the judgment assessing prejudgment interest. This motion was denied.

Defendants assign as error the court's failure to allow evidence on plaintiff's use of his seat belt, its failure to charge the jury as requested and its assessing prejudgment interest against defendant Odom. Defendants also appeal the denial of their Rule 60(b) motion.

---

The issues presented in this appeal are: I) whether plaintiff's failure to wear his seat belt at the time of the collision was contributory negligence; II) whether the jury should have been instructed that plaintiff's failure to wear his seat belt should be considered in mitigation of plaintiff's damages; and III) whether the trial court erred in allowing plaintiff prejudgment interest against Odom.

I

[1] Effective 1 October 1985, seat belt use in North Carolina became mandatory. N.C.G.S. Sec. 20-135.2A (Cum. Supp. 1987). Under the seat belt statute, evidence of failure to wear a seat belt is

not admissible in any civil or criminal case except in an action based on a violation of the statute. Section 20-135.2A(d). However, as Hagwood sustained his injuries on 7 October 1982, Sec. 20-135.2A does not affect this action.

Instead, the law enunciated in *Miller v. Miller*, 273 N.C. 228, 160 S.E. 2d 65 (1968) is dispositive since the *Miller* Court specifically addressed the issues of both contributory negligence and the duty to minimize damages where plaintiff failed to wear a seat belt. The *Miller* Court held a motorist does not have a duty to use seat belts "routinely whenever he travels upon the highway." *Id.* at 238, 160 S.E. 2d at 73. Therefore, the motorist is not contributorily negligent for failure to use his seat belt unless the motorist "with prior knowledge of a specific hazard — one not generally associated with highway travel . . . had failed or refused to fasten his seat belt." *Id.* at 234, 160 S.E. 2d at 70 (passenger can be contributorily negligent for failure to fasten seat belt where falls out of car door after being advised of defective door lock). In passing, we note the present seat belt statute precludes the introduction of any evidence regarding seat belt use, regardless of any knowledge of a specific hazard. Sec. 20-135.2A(d).

Under the controlling law of *Miller*, there is no evidence that plaintiff was aware of any specific hazard and therefore Hagwood had no duty to fasten his seat belt. Under these facts, it would therefore have been error for the trial judge to allow evidence on the question whether plaintiff did or did not wear his seat belt. Likewise, it would have been error for the trial judge to instruct the jury regarding the use or lack of use of the seat belt.

II

[2] In *Miller*, the Court also held that the failure to fasten one's seat belt "cannot be held to be a breach of the duty to minimize damages." *Miller*, 273 N.C. at 239, 160 S.E. 2d at 74. The Court reasoned that the duty to minimize damages arises only after the negligent act of defendant. A plaintiff's failure to fasten his seat belt necessarily occurs before defendant's allegedly negligent act and therefore is not consistent with any burden on plaintiff to minimize damages. *Id.* Accordingly, the trial judge here committed no error in failing to instruct the jury that plaintiff's failure to fasten his seat belt could be used to reduce or minimize his damages. Although it is not controlling, we again note that Sec-

tion 20-135.2A(d) likewise now precludes any instruction to the jury which would allow mitigation of damages for failure to wear a seat belt.

## III

[3]  After the jury returned its verdict against defendants Odom and Southern Bell, the trial judge entered his judgment which provided in part that Odom would be assessed with prejudgment interest on the $94,300 judgment from 11 May 1984 through entry of the judgment. Defendant Odom now contends the trial judge erred in allowing prejudgment interest against her. On 11 May 1984, the date this complaint was filed, Section 24-5 provided in pertinent part:

> [T]he portion of all money judgments designated by the fact-finder as compensatory damages in actions other than contracts shall bear interest from the time the action is instituted until the judgment is paid and satisfied, and the judgment and the decree of the court shall be rendered accordingly. *The preceding sentence shall apply only to claims covered by liability insurance.*

N.C.G.S. Sec. 24-5 (Cum. Supp. 1983) (emphasis added).

Odom first contends the trial court erred in assessing prejudgment interest against her. We disagree. In construing Section 24-5, this Court has held this version of the statute created a rebuttable presumption that the defendant had liability insurance and that the burden of showing the absence of liability insurance is on the defendant. *Harris v. Scotland Neck Rescue Squad,* 75 N.C. App. 444, 452, 331 S.E. 2d 695, 701 (1985). The record here reveals no evidence presented to the trial court indicating Odom did not have liability insurance. Southern Bell did present an affidavit indicating they were self-insurers and did not have liability insurance. The stipulation between the parties that Odom was an employee of Southern Bell and acting within the course and scope of her employment at the time of the collision does not imply that Odom likewise had no liability insurance. Accordingly, Odom failed her burden of proof.

[4]  Second, Odom contends there was error in the denial of her Rule 60(b) motion requesting the court modify its judgment assessing prejudgment interest. Prior to filing their Rule 60(b) mo-

tion on 15 December 1986, defendants had, on 26 November 1986, filed notice of appeal from the entry of the judgment. Plaintiffs argue in their brief that the trial court had no jurisdiction to rule on the Rule 60(b) motion. The record does not indicate that plaintiffs raised the jurisdictional question at the trial level; however, the jurisdictional issue may be raised at any time by the parties or by the court. *See Burgess v. Gibbs,* 262 N.C. 462, 465, 137 S.E. 2d 806, 808 (1964) (if court finds at any stage of the proceedings it is without jurisdiction, must take notice of defect and stay, quash or dismiss suit).

As a general rule, an appeal divests the trial court of jurisdiction. *See Sink v. Easter,* 288 N.C. 183, 198-200, 217 S.E. 2d 532, 542 (1975). However, we have held the trial court retains limited jurisdiction to hear a Rule 60(b) motion and to indicate its probable disposition after the notice of appeal has been entered. *Talbert v. Mauney,* 80 N.C. App. 477, 478, 343 S.E. 2d 5, 7 (1986); *see Sink,* 288 N.C. at 199-200, 217 S.E. 2d at 542-43; *Bell v. Martin,* 43 N.C. App. 134, 140-42, 258 S.E. 2d 403, 408-09, *rev'd on other grounds,* 299 N.C. 715, 264 S.E. 2d 101 (1980) (better practice is to file motion with the trial court). Where the trial court indicates, as it did here, that the motion should be denied, this Court will review that action along with any other assignments of error raised by the appellant. *See Bell,* 42 N.C. App. at 142, 258 S.E. 2d at 409.

In challenging the trial court's ruling on the Rule 60(b) motion, Odom asserts two grounds for setting the judgment aside: (1) a mistake of fact in that the judgment was "predicated upon the erroneous assumption that [Odom] had liability insurance . . . whereas in fact she does not"; and (2) errors of law in the assessment of prejudgment interest. We note that, while the evidence presented to the court at the Rule 60(b) hearing did indicate Odom had liability insurance at the time of the collision, this evidence had not been presented to the trial court prior to its entering the original order assessing prejudgment interest. As defendants have alleged no other possible basis for their motion, we consider the motion under Subsections (1) and (6) of Rule 60(b). Subsection (1) allows a judgment to be set aside for "mistake, inadvertence, surprise, or excusable neglect." Subsection (6) allows the judgment to be set aside for "any other reason justifying relief from the operation of the judgment."

As no evidence was originally offered on the question of Odom's liability insurance coverage, defendants apparently contend this was a mistake under Rule 60(b)(1) which would require setting aside the order assessing prejudgment interest. However, defendants have offered no reason why the liability insurance evidence was not introduced before the judgment was entered. Defendants do not claim that this information became known to them only after the judgment had been entered. Defendants should have been aware of this deficiency in their case before judgment was entered and therefore relief under Rule 60(b)(1) is not justified. *See* 11 Wright and Miller, *Federal Practice and Procedure* Sec. 2858 at 173 (1973) (defeated litigant "cannot set aside a judgment because he failed to present on a motion for summary judgment all the facts known to him that might have been useful to the court"); *Mas Marques v. Digital Equip. Corp.*, 637 F. 2d 24, 29-30 (1st Cir. 1980) (affidavit not offered prior to entry of judgment cannot be basis for Rule 60(b)(1) motion if no valid explanation given for failure to offer the affidavit prior to entry of judgment).

Defendants next contend the judgment should be set aside as the court committed an error of law in assessing prejudgment interest against Odom. Rule 60(b) provides no specific relief for "errors of law" and our courts have long held that even the broad general language of Rule 60(b)(6) does not include relief for "errors of law." *E.g., Waters v. Qualified Personnel, Inc.*, 32 N.C. App. 548, 551, 233 S.E. 2d 76, 78, *rev'd on other grounds*, 294 N.C. 200, 240 S.E. 2d 238 (1978) (erroneous judgments cannot be attacked under Rule 60(b)(6) ). The appropriate remedy for errors of law committed by the court is either appeal or a timely motion for relief under N.C.G.S. Sec. 1A-1, Rule 59(a)(8) (1983).

Accordingly, the order of the trial court denying defendants' Rule 60(b) motion stands and the judgment of the trial court evidences

No error.

Judges PHILLIPS and COZORT concur.