SAMPSON COUNTY CHILD SUPPORT ENFORCEMENT AGENCY EX REL. CORA McNEILL v. TOMMY LEE STEVENS

No. 904DC676

(Filed 19 February 1991)

**Bastards § 10 (NCI3d)— support of illegitimate child—paternity established twelve years earlier—no relitigation of issue**

    Pursuant to N.C.G.S. §§ 110-132 and 133 the actions of plaintiff in filing an "Affirmation of Paternity" and defendant in executing and filing with the court an acknowledgment of paternity and agreement to pay a stated amount of child support judicially established that defendant was the father of the child involved, and defendant could not, twelve years later, move for a blood test to determine if he were the biological father, since to allow the *motion* would permit an issue long since adjudicated and set at rest to be relitigated.

    **Am Jur 2d, Bastards §§ 29, 94, 98, 126.**

**SAMPSON CO. CHILD SUP. ENF. AGENCY ex rel. McNEILL v. STEVENS**

[101 N.C. App. 719 (1991)]

APPEAL by plaintiff from order entered 7 May 1990, *nunc pro tunc* 25 April 1990, by *Judge Stephen M. Williamson* in SAMPSON County District Court. Heard in the Court of Appeals 4 February 1991.

*Benjamin R. Warrick for plaintiff appellant.*

*No brief filed for defendant appellee.*

PHILLIPS, Judge.

During the spring of 1978, pursuant to the provisions of G.S. 110-132 and G.S. 110-133: Plaintiff Cora McNeill filed with the Clerk of Superior Court for Sampson County an "Affirmation of Paternity" affirming that defendant was the natural father of her child, Danill Marshill Goings, born on 30 December 1977; defendant acknowledged that he was the natural father of the child by executing and filing with the court an acknowledgment of paternity form, and also executed and filed an agreement to pay $65.00 per month for the care and benefit of the child; on 8 June 1978 all of these documents were approved by District Court Judge E. Alex Erwin who entered two orders; one directed defendant to make the payments agreed to, and the other, an "Order of Paternity," declared that defendant was the natural father of the child and that the order had the same force and effect as a judgment of paternity. On 14 February 1979 defendant was adjudged in contempt for failing to make the payments ordered by Judge Erwin and apparently purged himself by meeting the conditions stated in the order. On 25 April 1990 in a hearing to determine whether defendant was again in contempt for failing to make the support payments ordered, defendant moved for a blood test to determine whether he was the biological father of the child, the trial court entered an order allowing it, and the plaintiff appealed.

The order appealed from is a nullity, for it would permit an issue long since adjudicated and set at rest to be relitigated. Under the provisions of Chapter 110 of the General Statutes above referred to, the steps taken by the parties and the court in 1978 judicially established that defendant is the father of the child involved. *Person County ex rel. Lester v. Holloway*, 74 N.C. App. 734, 329 S.E.2d 713 (1985); *Beaufort County v. Hopkins*, 62 N.C. App. 321, 302 S.E.2d 662 (1983). Since the validity of that adjudication has never been challenged and cannot be successfully challenged at this late date upon any grounds known to us,

permitting defendant to becloud the adjudication would be a disservice to the opposing party, a needless burden on our court system, and contrary to fundamental principles of jurisprudence.

Reversed.

Judges JOHNSON and WYNN concur.