STATE OF NORTH CAROLINA, BY AND THROUGH ITS NEW BERN CHILD SUPPORT ENFORCEMENT OFFICE, EX REL., CAROL YVETTE HILL, PLAINTIFF v. SAM MANNING, DEFENDANT

No. 923DC1261

(Filed 6 July 1993)

1. **Appeal and Error § 107 (NCI4th)— order for DNA testing— unappealable interlocutory order—merits considered in public interest**

An interlocutory order requiring the parties and their minor child to submit to DNA testing did not affect a substantial right of plaintiff and was not appealable. However, the

Court of Appeals in its discretion will address the merits of this case in order to expedite the decision in the public interest.

**Am Jur 2d, Appeal and Error §§ 134 et seq.**

**2. Illegitimate Children § 11 (NCI4th) — adjudication of paternity — subsequent order for DNA testing — res judicata**
The trial court erred in allowing defendant's motion to compel DNA testing to further establish paternity after paternity had been adjudicated since the doctrine of *res judicata* prohibited defendant from raising that issue in subsequent hearings.

**Am Jur 2d, Bastards § 94.**

**Judgment in bastardy proceeding as conclusive of issues in subsequent bastardy proceeding. 37 ALR2d 836.**

Appeal by plaintiff from order entered 20 July 1992 by Judge Jerry F. Waddell in Craven County District Court. Heard in the Court of Appeals 14 June 1993.

The State instituted this action on behalf of Carol Yvette Hill by complaint filed 30 August 1990. Pursuant to Article 9, Chapter 110 and Article 3, Chapter 49 of the General Statutes, the State sought to establish defendant's paternity of Hill's minor child. Defendant failed to answer and entry of default was entered against him on 22 October 1990. Upon entry of default, defendant moved for an order compelling a blood grouping test. The motion was granted and the tests were performed. Based on the test results which found a 99.99% probability that defendant was the father of the minor child, defendant was adjudicated the father by order dated 4 February 1991.

On 13 July 1992 defendant moved for an order compelling DNA or gene testing to further establish paternity. On 20 July 1992 the motion was granted. From this order plaintiff appeals.

*Attorney General Michael F. Easley, by Assistant Attorney General T. Byron Smith, for the State.*

*Stubbs, Perdue, Chesnutt, Wheeler & Clemmons, P.A., by Marcus W. Chesnutt and James M. Ayers, II, for defendant appellee.*

ARNOLD, Chief Judge.

[1] Normally, no appeal lies from an interlocutory order which does not deprive the appellant of a substantial right which he would lose if the order or ruling is not reviewed before final judgment. *Blackwelder v. North Carolina Dep't of Human Resources*, 60 N.C. App. 331, 299 S.E.2d 777 (1983). A court order requiring parties and their minor child to submit to blood grouping testing does not affect a substantial right and is, therefore, interlocutory and not appealable. *Heavner v. Heavner*, 73 N.C. App. 331, 326 S.E.2d 78, *disc. review denied*, 313 N.C. 601, 330 S.E.2d 610 (1985). In our discretion, however, we will address the merits of this case in order to expedite the decision in the public interest. *See Person County ex rel. Lester v. Holloway*, 74 N.C. App. 734, 329 S.E.2d 713 (1985).

[2] The sole issue before this Court is did the trial court err in ordering DNA or gene testing subsequent to an adjudication of paternity. We find that, based on the doctrine of *res judicata*, the order was entered in error and must be vacated.

> It is fundamental that a final judgment, rendered on the merits, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and privies, in all other actions involving the same matter. *Bryant v. Shields*, 220 N.C. 628, 18 S.E. 2d 157. ". . . (W)hen a fact has been agreed upon or decided in a court of record, neither of the parties shall be allowed to call it in question, and have it tried over again at any time thereafter, so long as the judgment or decree stands unreversed." *Humphrey v. Faison*, 247 N.C. 127, 100 S.E. 2d 524, citing and quoting *Armfield v. Moore*, 44 N.C. 157.

*Masters v. Dunstan*, 256 N.C. 520, 523-24, 124 S.E.2d 574, 576 (1962).

The doctrine has been repeatedly applied in cases where there has been a judicial finding of paternity and the defendant subsequently raises the issue of paternity in an effort to avoid payment of child support. *State ex rel. Lewis v. Lewis*, 311 N.C. 727, 319 S.E.2d 145 (1984) (defendant estopped from challenging paternity when previous criminal conviction for willful neglect of and refusal to support children necessarily established paternity); *see Sampson County Child Support Enforcement Agency ex rel. McNeill v.*

*Stevens*, 101 N.C. App. 719, 400 S.E.2d 776 (1991) (original paternity judgment ruled *res judicata* in later contempt proceedings where a blood test was requested); *Holloway*, 74 N.C. App. 734, 329 S.E.2d 713 (reversal of trial court granting motion for blood grouping test where issue of paternity was determined at earlier hearing).

In the present case, upon motion of defendant, a blood grouping test was ordered and submitted to by the parties and the minor child. The trial court held the results of that test were sufficient to establish paternity beyond a reasonable doubt. Under existing case law defendant is precluded from raising that issue in subsequent hearings.

We hold that the trial court erred in ordering the parties to submit to DNA or gene testing, and we vacate that order.

Vacated.

Judges GREENE and MARTIN concur.