EDWARD L. GARRISON, DIRECTOR, PITT COUNTY DEPARTMENT OF SOCIAL SERVICES, EX REL. BELINDA ANN CHAVIS, PLAINTIFF v. LINZER RAY BARNES

No. 943DC276

(Filed 6 December 1994)

1. **Trial § 559 (NCI4th)— defendant's inappropriate use of Rule 59 and 60 motions—no error in denying relief**

   Because defendant attempted to use a Rule 60(b)(6) motion as a substitute for appellate review, the trial court's order denying defendant's Rule 60(b)(6) motion must be affirmed; because defendant's motion for new trial was filed more than ten days after entry of the default judgment, the trial court properly denied that motion; and because Rule 59 is an inappropriate vehicle to challenge the denial of a Rule 60 motion, the trial court did not abuse its discretion in denying defendant's motion to amend the denial of his Rule 60(b)(6) motion.

   **Am Jur 2d, New Trial §§ 333 et seq.**

2. **Illegitimate Children § 11 (NCI4th); Evidence and Witnesses § 1920 (NCI4th)— motion for blood testing barred by res judicata**

   *Res judicata* barred the granting of defendant's motion for blood testing because an earlier default judgment conclusively established defendant's paternity, and defendant failed to appeal the default judgment or make a timely motion under Rule 59(a)(8).

   **Am Jur 2d, Bastards § 118; Evidence § 573; Judgments §§ 606 et seq.**

   **Admissibility and weight of blood-grouping tests in disputed paternity cases. 43 ALR4th 579.**

   Judge WYNN dissenting.

Appeal by defendant from orders entered 30 April 1993 and 26 January 1994 in Pitt County District Court by Judge E. Burt Aycock, Jr. Heard in the Court of Appeals 26 October 1994.

**GARRISON** ex rel. **CHAVIS** v. **BARNES**

[117 N.C. App. 206 (1994)]

*Pitt County Legal Department, by Associate County Attorney Pamela Weaver Best and Staff Attorney Amy K. Cooney, for plaintiff-appellee.*

*Jeffrey L. Miller for defendant-appellant.*

GREENE, Judge.

Linzer Ray Barnes (defendant) appeals from orders entered 30 April 1993 and 26 January 1994 by Judge E. Burt Aycock, Jr. (Judge Aycock) in Pitt County District Court, denying defendant relief from a default judgment entered 1 July 1991 which declared defendant the natural and legal father of Aaron Edward Chavis (Aaron) and ordered defendant to pay Belinda Ann Chavis (Ms. Chavis) child support.

On 9 August 1990, Ms. Chavis gave birth to Aaron out of wedlock. On 22 April 1991, Edward L. Garrison (plaintiff), the director of Pitt County Department of Social Services (DSS), filed a complaint on behalf of Ms. Chavis, requesting an adjudication that defendant is the biological and legal father of Aaron, an order obligating defendant to pay child support, and an order requiring defendant to indemnify the State of North Carolina for past public assistance paid to Aaron. Plaintiff also requested that defendant provide continuing medical support for Aaron, pay the costs of the action, and add Aaron as a beneficiary under any health insurance plan.

On 28 May 1991, plaintiff filed an application for default because defendant, having been personally served with process on 24 April 1991, failed to answer plaintiff's complaint within the time allowed by law for filing an answer. The Pitt County Clerk of Court entered default on 28 May 1991. On 1 July 1991, Judge George L. Wainwright (Judge Wainwright) entered a default judgment against defendant containing the following finding of fact:

> 12. The defendant came into Court this day and requested the opportunity to have blood testing completed. However, the defendant has requested blood testing on three (3) occasions but has failed to appear for such blood testing and has failed to pay any part of the blood testing. The defendant missed opportunities to have blood testing completed on February 22, 1991, March 29, 1991, and May 31, 1991. The defendant has, therefore, waived his right to have blood testing completed in this case.

Judge Wainwright then concluded that defendant is the biological father of Aaron and ordered defendant to pay plaintiff child support,

past public assistance paid, to add Aaron as a beneficiary to any health insurance plan, taxed all costs against defendant, and ordered that defendant's state and federal income tax refunds are subject to garnishment as long as any arrearage remains due.

On 23 February 1993, defendant filed a verified motion for relief from judgment pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure, requesting the court to grant defendant relief from the default judgment by suspending the judgment and setting it aside pending a blood test to determine paternity and to order defendant, Ms. Chavis, and Aaron to undergo a blood grouping test. The motion alleged he is not the father of Aaron and that:

2. . . . defendant had a constitutional right to counsel which he would have exercised if the right had been made known to him. . . .

3. At the time the default judgment was entered on 30 July 1991, the Defendant was incarcerated . . . . At no time while he was incarcerated up to the date judgment was entered was the defendant notified of the Court hearing.

. . . .

6. It is manifestly unjust and inequitable to require defendant to support a child when he is not the actual biological father of the child.

. . . .

10. . . . Extraordinary circumstances exist and justice demands that defendant be granted relief from the judgment pending blood testing.

On 1 April 1993, defendant filed a motion for blood test pursuant to N.C. Gen. Stat. § 8-50.1(b) "for the purpose of excluding the defendant's paternity in support of defendant's motion for relief from judgment entered by default in this matter."

An order by Judge Aycock was filed on 11 October 1993, *nunc pro tunc* for 30 April 1993. In his order, Judge Aycock found as a fact that defendant asserted "he was entitled to relief from the [default] judgment on the grounds that he had made a request of the Court in the civil proceeding for blood testing and that, upon such request, the Court was mandated by statute to order the blood testing. The defendant indicated that the July 1991 order violated his statutory rights under N.C.G.S. 8-50.1(b) and his constitutional rights to due process and equal protection of law." Judge Aycock concluded

**GARRISON** ex rel. **CHAVIS** v. **BARNES**

[117 N.C. App. 206 (1994)]

"defendant is not entitled to an order for a blood test or for relief from the judgment of paternity and child support" and therefore denied his motions and ordered defendant to "continue to pay child support in accordance with the previous orders of this Court."

On 6 May 1993, defendant filed a motion for new trial, to amend judgment, and for relief from judgment under Rules 59(a)(1), 59(a)(8), 59(e), 60(b)(4), and 60(b)(6) and requested the court for "a new hearing and trial on the issue of his paternity and compelling a blood test, to amend or alter the judgment entered on 30 April 1993 so as to vacate the 1 July 1991 judgment and allow him relief therefrom and a blood test, and to grant him relief from the judgment entered on 1 July 1991 and 30 April 1993 by suspending the judgment and setting it aside pending a blood test to determine paternity." In his motion, defendant alleged the following:

> 2. . . . Notwithstanding the mandatory provisions of NCGS 8-50.1, the Court erroneously denied the defendant's request and motion on the purported basis that he had waived his right to such a test by failing to have the test conducted on occasions prior to the filing of the action and prior to the making of his motion before the Court in this civil proceeding.
>
> . . . .
>
> 5. The defendant was deprived of statutory and constitutional guarantees in violation of the provisions of the North Carolina Constitution (Article I, sections 18, 19) and United States Constitution (14th Amendment, 5th Amendment) which guarantee equal protection of the laws, due process of law, fundamental fairness, and open courts for the fair administration of justice.
>
> 6. The failure of the Court to grant defendant relief from the judgment of paternity and support based upon the denial of his statutory and constitutional rights constitutes prejudicial legal errors. The irregularities occurring on 1 July 1991 and 30 April 1993 prevented defendant from having a fair trial and hearing, render the judgments void or voidable, and justify relief from the operation of the judgment.

By order entered 26 January 1994, Judge Aycock, "[h]aving reviewed the record and the defendant's motion," denied defendant's motions for new trial, to amend the judgment entered 30 April 1993, and for relief from the judgments and orders entered on 1 July 1991 and 30 April 1993.

The issues presented are whether (I) there is any evidence in the record to support the granting of defendant's Rule 60(b)(6) motion for relief from judgment; and (II) Judge Aycock erred in denying defendant's motion for blood testing under Section 8-50.1(b).

I

Defendant argues in his Rule 60(b)(6) motion that "statutory and constitutional mandates were not properly considered or followed by the court, and the public and legal policies of this State in determining paternity were not applied" because Judge Wainwright failed to enter an order on 1 July 1991 for blood testing under N.C. Gen. Stat. § 8-50.1(b) and failed to provide defendant with counsel. Thus, defendant's argument concerns errors of law alleged to have been made by Judge Wainwright in entering default judgment.

[1] Rule 60(b)(6) provides that a party may make a motion to the trial court to seek relief from any judgment or order of the trial court for, in addition to specific reasons listed in Rule 60(b)(1) to (5), "[a]ny other reason justifying relief from the operation of the judgment." N.C.G.S. § 1A-1, Rule 60(b)(6) (1990). It is well settled, however, that Rule 60(b)(6) does not include relief from errors of law, *Hagwood v. Odom*, 88 N.C. App. 513, 519, 364 S.E.2d 190, 193 (1988), or erroneous judgments. *Town of Sylva v. Gibson*, 51 N.C. App. 545, 548, 277 S.E.2d 115, 117, *disc. rev. denied*, 303 N.C. 319, 281 S.E.2d 659 (1981). "The appropriate remedy for errors of law committed by the court is either appeal or a timely motion for relief under N.C.G.S. Sec. 1A-1, Rule 59(a)(8)." *Hagwood*, 88 N.C. App. at 519, 364 S.E.2d at 193. Therefore, because defendant attempted to use a Rule 60(b)(6) motion as a substitute for appellate review, Judge Aycock's order denying defendant's Rule 60(b)(6) motion must be affirmed. *Id.; see also Chicopee Inc. v. Sims Metal Works*, 98 N.C. App. 423, 431, 391 S.E.2d 211, 216 (because Rule 60 motion was inappropriate vehicle to review allegedly erroneous judgment, we did not consider disposition of plaintiff's Rule 60 motion), *disc. rev. denied*, 327 N.C. 426, 395 S.E.2d 674 (1990). For the same reasons, Judge Aycock did not err in denying defendant's Rule 60 motion made on 6 May 1993.

Defendant also appeals from the denial of his motions under Rules 59(a)(1) and (8) and 59(e) seeking a new trial and an amendment of the judgment entered 30 April 1993. Because defendant's motion for new trial was filed on 6 May 1993, more than ten days after entry of the default judgment on 30 July 1991, Judge Aycock correctly denied that motion. N.C.G.S. § 1A-1, Rule 59(b) (1990); *see Coats v.*

*Coats,* 79 N.C. App. 481, 339 S.E.2d 676 (1986) (court had no authority to alter or amend divorce judgment under Rule 59 pursuant to motion made more than 10 days after entry of judgment sought to be altered or amended). Furthermore, because Rule 59 is an inappropriate vehicle to challenge the denial of a Rule 60 motion, Judge Aycock did not abuse his discretion in denying defendant's motion to amend the 30 April 1993 denial of his Rule 60(b)(6) motion. N.C.G.S. § 1A-1, Rule 59 (1990); W. Brian Howell, *Shuford North Carolina Civil Practice & Procedure* § 59, at 625 (4th ed. 1992) (Rule 59 provides relief from judgments in jury or nonjury trials resulting from errors occurring during trial).

## II

**[2]** Judge Aycock did not abuse his discretion in denying defendant's motion for blood testing pursuant to N.C. Gen. Stat. § 8-50.1(b). Because the default judgment conclusively established defendant's paternity, defendant having failed to appeal the default judgment or make a timely motion under Rule 59(a)(8), res judicata barred the granting of defendant's motion for blood testing. *See Sampson County Child Support Enforcement Agency ex rel. McNeill v. Stevens,* 101 N.C. App. 719, 400 S.E.2d 776 (1991) (original paternity judgment ruled *res judicata* in later contempt proceedings where a blood test was requested); *State ex rel. Hill v. Manning,* 110 N.C. App. 770, 431 S.E.2d 207 (1993) (error to allow defendant's motion to compel DNA testing to further establish paternity after paternity had been adjudicated because *res judicata* prohibited defendant from raising issue in subsequent hearings).

For these reasons, the trial court's decisions are

Affirmed.

Judge JOHN concurs.

Judge WYNN dissents.

Judge WYNN dissenting.

Defendant filed a Rule 60(b) motion for relief from default judgment. The majority correctly holds that the relief defendant is seeking can only be obtained through an appeal of the judgment to this Court. Since defendant did not follow the correct procedure, this case is subject to dismissal. Under Rule 2 of the Rules of Appellate proce-

GARRISON EX REL. CHAVIS v. BARNES

[117 N.C. App. 206 (1994)]

dure, however, this Court has the power to suspend the rules in order to prevent manifest injustice to a party. I would exercise our Rule 2 authority and conclude that defendant should have been permitted to take a paternity test.

The trial court should have allowed for defendant's paternity test because "a defendant's right to a blood test is a substantial right and . . . upon defendant's motion, the court must order the test when it is possible to do so." *State v. Fowler*, 277 N.C. 305, 177 S.E.2d 385, 387 (1970). In the subject case, defendant requested a blood test on three separate occasions, but, on each occasion, he was unable to pay the $225.00 fee. Since defendant's request was made before the default judgment was entered, the trial court should have ordered the blood test and, following a failure by defendant to take the court ordered test, the court should have then acted. *See State ex rel. Hill v. Manning*, 110 N.C. App. 770, 431 S.E.2d 207 (1993) (the defendant was allowed to have a blood test performed upon a request made after entry of default but prior to entry of judgment). The court should not have acted, however, based on defendant's failure take a blood test which defendant personally requested; especially since defendant's failure was due to his indigency.

Under the circumstances of this case, it is not fair to burden defendant with the financial responsibility of a child that he contends is not his when there is a genetic test that can answer this simple question. The implications of finding him to be the father of the subject child based on an entry of default is not only unfair to him—*it is an indignity to the child.* Modern science has advanced the accuracy of a blood test for paternity to nearly a point of certainty. Defendant adamantly contends that he is not the father of the subject child, and, because of his indigency, he has been denied the opportunity to have this matter settled by a test that should have been ordered by the trial court. Moreover, should he wilfully fail to obey the trial court's order for the paternity test, the trial court should exercise its contempt powers, rather than summarily entering a judgment that he is the father of the subject child.