CAMERON-BROWN COMPANY v. GENE A. DAVES

No. 8626SC486

(Filed 18 November 1986)

1. **Process § 14.3— nonresident defendant—insufficient contacts with North Carolina—no personal jurisdiction**

   Defendant nonresident did not have sufficient minimum contacts with North Carolina to permit exercise of *in personam* jurisdiction over him where defendant's insured vehicles and equipment were all located in South Carolina; plaintiff solicited and initiated their business dealings; contract negotiations occurred in South Carolina; defendant owned no property in North Carolina and never traveled here to conduct business with plaintiff; and it appeared that defendant's only contact with North Carolina was the mailing of premium payments to plaintiff's Charlotte office pursuant to the insurance contracts.

2. **Process § 14.3— corporations operating in multiple jurisdictions—residences of customers as proper forum**

   It is more fair as a general rule to require corporations which solicit and transact business in multiple jurisdictions to litigate their claims in the states of residence of their customers than to demand that nonresident customers with no other connection to North Carolina come to this forum.

3. **Process § 14.3— nonresident defendant—minimum contacts with North Carolina—applicability of requirement to actions quasi in rem**

   In order for North Carolina to exercise jurisdiction over a nonresident defendant, due process requires that defendant have certain minimum contacts with this state, and this requirement applies with equal force to actions *quasi in rem* as to actions *in personam.*

APPEAL by plaintiff from *Chase B. Saunders, Judge.* Order entered 17 January 1986 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 15 October 1986.

*Hamel, Helms, Cannon, Hamel & Pearce, P.A., by Hugo A. Pearce, III and James M. Gilbert, III, for plaintiff appellant.*

*Haynes, Baucom, Chandler, Claytor, Benton & Morgan, P.A., by Rex C. Morgan, for defendant appellee.*

BECTON, Judge.

Cameron-Brown Company, a North Carolina corporation, filed this action against Gene A. Daves, a resident of South Carolina, for recovery of unpaid insurance premiums. Mr. Daves moved to dismiss pursuant to Rule 12(b) of the Rules of Civil Procedure for lack of personal jurisdiction. The trial court, after considering the arguments of counsel and affidavits submitted by the parties, concluded that Mr. Daves lacked the minimal contacts with North Carolina necessary to justify the assertion of jurisdiction over him. From the trial judge's order dismissing the action, Cameron-Brown appeals. We affirm.

I

From 1 January 1983 to 31 December 1984, Cameron-Brown contracted to provide insurance coverage for a number of motor vehicles owned and operated by Mr. Daves. Cameron-Brown's Complaint alleges that Mr. Daves is currently in default with respect to that insurance coverage in the amount of $32,659.78.

On the day the Complaint was filed, Cameron-Brown attached three checks totaling $23,675.71 payable to Mr. Daves from Atlas Underwriters, Inc. The parties disagree with regard to the location of the insured vehicles and with respect to the extent of Mr. Daves' contacts, if any, with the State of North Carolina. Mr. Daves supported his motion to dismiss with an affidavit in which he asserted the following.

Mr. Daves is a lifelong citizen and resident of York County, South Carolina. He owns no real or personal property located in North Carolina, and the equipment insured by the policies referred to in the Complaint had its situs in South Carolina. The business conducted by Mr. Daves with Cameron-Brown was solic-

ited by Cameron-Brown, with all contract negotiations taking place in South Carolina. At no relevant time did Mr. Daves travel to North Carolina to conduct business with Cameron-Brown; rather, when a meeting was necessary, a representative of Cameron-Brown would travel to South Carolina to meet with Mr. Daves.

In contrast, Cameron-Brown produced an affidavit of Mr. Thompson, one of its employees, whose assertions were based solely upon his review of the insurance company's books and records. Mr. Thompson stated that most of the insurance policies showed on their faces that they were written for equipment located in North Carolina. He further avowed that the policies were written in Cameron-Brown's Charlotte office and delivered to Mr. Daves in South Carolina, that bills were sent from Charlotte to Mr. Daves in South Carolina, and that payment was returned by Mr. Daves to the Charlotte office. Furthermore, almost all of the business between Cameron-Brown and Mr. Daves was conducted pursuant to telephoned requests to Charlotte from Mr. Daves for additional insurance coverage, and Mr. Daves occasionally travelled to Charlotte to transact business with the company.

## II

Cameron-Brown maintains that Mr. Daves is subject to both *in personam* and *quasi in rem* jurisdiction. For the reasons discussed hereafter, we conclude that neither theory of jurisdiction is applicable in this case.

## A

### In Personam Jurisdiction

[1] A two-step test is utilized to resolve a question of *in personam* jurisdiction over a nonresident defendant: (1) Does a basis for jurisdiction exist under the North Carolina "long-arm" statute, N.C. Gen. Stat. Sec. 1-75.4 (1983); and (2) if so, will the exercise of this jurisdiction over the defendant comport with constitutional standards of due process? *E.g., Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 231 S.E. 2d 629 (1977); *J. M. Thompson Co. v. Doral Manufacturing Co.*, 72 N.C. App. 419, 324 S.E. 2d 909, *disc. rev. denied*, 313 N.C. 603, 330 S.E. 2d 611 (1985).

In answer to the first inquiry, Cameron-Brown asserts that the following statutory grounds justify assertion of jurisdiction

over Mr. Daves: (1) that the action arises out of a promise made to Cameron-Brown by Mr. Daves to pay for services to be performed in this State by the insurance company, G.S. Sec. 1-75.4 (5)(a); (2) that the action arises out of services actually performed by Cameron-Brown for Mr. Daves in this State, G.S. Sec. 1-75.4 (5)(b); (3) that the action arises out of a promise by Mr. Daves to deliver within this State things of value (insurance premiums), G.S. Sec. 1-75.4(5)(c); (4) that the action arises out of a contract of insurance and Cameron-Brown was a resident of this State when the "event" occurred out of which the claim arises, G.S. Sec. 1-75.4(10)(a); and (5) that Mr. Daves has been involved in "substantial activity" within this State, G.S. Sec. 1-75.4(1)(d). The ground for the trial court's ruling that jurisdiction over Mr. Daves does not exist was not lack of a statutory basis for jurisdiction, but lack of the necessary minimum contacts to satisfy due process. Moreover, Mr. Daves does not seriously contest the lack of a statutory basis. Therefore, we hold, without further discussion, that this action comes within the North Carolina jurisdictional statutes.

Despite the existence of a statutory basis for jurisdiction, due process prohibits our state courts from exercising that jurisdiction unless the defendant has had certain "minimum contacts" with the forum state such that "traditional notions of fair play and substantial justice" are not offended by maintenance of the suit. *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L.Ed. 95, 66 S.Ct. 154 (1945). The existence of adequate minimum contacts is not to be determined by an application of mechanical or *per se* rules, but rather by a careful scrutiny of the particular facts of each case. *E.g., International Shoe Co.; Dillon v. Numismatic Funding Corp.; Georgia R.R. Bank & Trust Co. v. Eways*, 46 N.C. App. 466, 265 S.E. 2d 637 (1980). Some factors to be considered are: (1) quantity of the contacts between the defendant and the forum state, (2) quality and nature of the contacts, (3) the source and connection of the cause of action to the contacts, (4) the interest of the forum state, and (5) convenience of the parties. *E.g., Marion v. Long*, 72 N.C. App. 585, 325 S.E. 2d 300 (1985). Other factors are the location of critical witnesses and material evidence, and the existence of a contract which has a substantial connection with the forum state. *Georgia R.R. Bank & Trust Co. v. Eways*. Although the application of the "minimum contacts"

standard may vary with the facts of each case, it is essential that there be some act by which the defendant purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws. *Burger King Corp. v. Rudzewicz*, --- U.S. ---, 85 L.Ed. 2d 528, 542, 105 S.Ct. 2174, 2183 (1985); *Hanson v. Denckla*, 357 U.S. 235, 253, 2 L.Ed. 2d 1283, 1298, 78 S.Ct. 1228, 1239-40 (1958); *United Buying Group v. Coleman*, 296 N.C. 510, 251 S.E. 2d 610 (1979).

Before applying the foregoing criteria to the instant case, we further review the standards by which we must weigh the record before us. Absent a request by one of the parties, the trial court is not required to make findings of fact when ruling on a motion. Instead, it will be presumed that the judge, upon proper evidence, found facts sufficient to support his ruling. *J. M. Thompson Co. v. Doral Manufacturing Co.*, 72 N.C. App. at 424, 324 S.E. 2d at 912-13. If the presumed findings of fact are supported by competent evidence, they are conclusive on appeal despite evidence to the contrary. *Id. See also Fungaroli v. Fungaroli*, 51 N.C. App. 363, 276 S.E. 2d 521, *disc. rev. denied*, 303 N.C. 314, 281 S.E. 2d 651 (1981). Cameron-Brown did not request the trial court to make findings of fact. Thus, the issue before us is sufficiency of the evidence.

In the case *sub judice*, the parties presented affidavits which materially conflicted. The trial judge apparently believed the evidence of Mr. Daves and presumably found the facts to be as set forth and supported by his affidavit. Assuming as we must, therefore, that Mr. Daves' insured vehicles and equipment were all located in South Carolina, that Cameron-Brown solicited and initiated their business dealings, that contract negotiations occurred in South Carolina, that Mr. Daves owned no property in North Carolina nor ever travelled here to conduct business with Cameron-Brown, it appears that Mr. Daves' only contact with the state of North Carolina was the mailing of premium payments to Cameron-Brown's Charlotte office pursuant to the insurance contracts. We conclude that this, standing alone, is insufficient contact to justify requiring him to litigate here.

We are aware that in *Wohlfart v. Schneider*, 66 N.C. App. 691, 311 S.E. 2d 686 (1984), this Court held that a nonresident defendant who obligated himself to make payments pursuant to a

promissory note executed incident to the purchase of medical equipment from North Carolina plaintiffs was subject to the *in personam* jurisdiction of our courts. There we stated:

> Requiring the defendant to litigate his obligation under the note here seems entirely fair to us. He is the one that promised to make the note payments here, and in doing so he must have anticipated that here is where he would be sued if the payments were not made.

*Id.* at 694, 311 S.E. 2d at 688. However, in *United Buying Group, Inc. v. Coleman*, our Supreme Court overruled the *per se* rule adopted by this Court in *First Citizens Bank & Trust Co. v. McDaniel*, 18 N.C. App. 644, 197 S.E. 2d 556 (1973) that a guaranty by a nonresident of a debt owed to a North Carolina creditor constitutes a sufficient contact upon which this state may assert jurisdiction. The Court in *Coleman* stated that:

> The mere *act* of signing such a guaranty or endorsement does not in and of itself constitute a sufficient contact upon which to base in personam jurisdiction over a nonresident. Rather, the circumstances surrounding the signing of each obligation must be closely examined in each case to determine whether the quality and nature of defendant's contacts with North Carolina justify the assertion of personal jurisdiction over him in an action on the obligation.

296 N.C. at 518, 251 S.E. 2d at 616. We believe that we are bound by *Coleman* to require more contact by Mr. Daves than a mere contractual obligation to send payments to Charlotte.

There is no evidence before us regarding the actual quantity of contacts between the parties in either state, or the number of payments actually made to the Charlotte office during their two-year contractual relationship. As for the nature of the contacts, the mere act of entering a contract with a forum resident does not provide the necessary contacts when all elements of the defendant's performance are to occur outside the forum. *Phoenix American Corp. v. Brissey*, 46 N.C. App. 527, 265 S.E. 2d 476 (1980). Nor is the mere mailing of payments from outside the state pursuant to a contract made outside the state sufficient contact. *First National Bank of Shelby v. General Funding Corp.*, 30 N.C. App. 172, 226 S.E. 2d 527 (1976). No evidence in the record

shows where the contracts with Mr. Daves were actually consummated. Furthermore, the only performance required of Mr. Daves under the contracts was the writing and posting of checks from South Carolina. Mr. Daves' affidavit supports the trial court's presumed finding that the insured property was located in South Carolina. The only activity occurring in North Carolina relevant to the transactions — the "sole thread" linking Mr. Daves to this State — is the preparation of his insurance policies by the plaintiff in the Charlotte office. *See Phoenix American Corp. v. Brissey.* Hence, we conclude that the contracts have no substantial connection with this forum.

Most significantly, however, Cameron-Brown initiated the relationship with Mr. Daves. Admittedly, the cause of action is related to Mr. Daves' limited contact with the North Carolina company. However, in cases of contract disputes, "the touchstone in ascertaining the strength of the connection between the cause of action and the defendant's contacts is whether the cause of action arises out of attempts by the defendant to benefit from the laws of the forum state by entering the market in the forum state." *Phoenix American Corp. v. Brissey*, 46 N.C. App. at 532, 265 S.E. 2d at 480 (quoting *Fieldcrest Mills, Inc. v. Mohasco Corp.*, 442 F. Supp. 424 (M.D.N.C. 1977)). There is no evidence that Mr. Daves conducted business activities in North Carolina, attempted to enter the market here or otherwise sought to advance his position by contacts with this state such that he could claim the protection of our laws. To the contrary, all benefit to him arising from the insurance of his South Carolina property would occur in that state. We believe that responding to solicitation by a North Carolina insurance company by purchasing coverage for property located in another jurisdiction is not an act by which Mr. Daves has "purposefully availed" himself of the privilege of conducting activities within North Carolina.

[2] Consideration of the factors of interest of the forum state and convenience to the parties does not change our decision to decline jurisdiction. North Carolina's interest in providing a forum for its residents does not necessarily extend to the protection of those residents in all contractual relationships solicited outside its borders. Nor do we find any circumstances in this case which suggest that the inconvenience to Cameron-Brown of litigating in South Carolina is greater than the inconvenience to Mr.

Daves in coming to North Carolina. The existence of jurisdiction is ultimately a fairness determination. *J. M. Thompson Co. v. Doral Manufacturing Co.* We believe it is more fair as a general rule to require corporations which solicit and transact business in multiple jurisdictions to litigate their claims in the states of residence of their customers than to demand that nonresident customers with no other connection to North Carolina come to this forum.

B

*Quasi in rem jurisdiction*

[3] Cameron-Brown further contends that its attachment of three checks payable to Mr. Daves confers *quasi in rem* jurisdiction over him. We disagree. The due process requirement of "minimum contacts" discussed heretofore applies with equal force to actions *quasi in rem* as to actions *in personam. Shaffer v. Heitner*, 433 U.S. 186, 53 L.Ed. 2d 684, 97 S.Ct. 2569 (1977); *Georgia R.R. Bank & Trust Co. v. Eways*. The existence of attached property of the defendant within this state is merely another factor to be considered, and has little weight unless the property itself is the source of the controversy or it otherwise evidences an expectation of the defendant to benefit from the laws of this state.

Although Cameron-Brown contends that the checks result from claims by Mr. Daves under certain of the insurance policies purchased from Cameron-Brown and are thus "intimately related" to the subject matter of the lawsuit, the record does not disclose any such relationship. Neither does the fact that NCNB, a North Carolina bank, is another payee on the checks establish any contact between Mr. Daves and this state, there being no other evidence in the record to show what relationship, if any, Mr. Daves has with that bank in any state.

III

We conclude that the evidence supports the trial judge's finding of insufficient contacts by Mr. Daves to constitutionally justify the assertion of either *in personam* or *quasi in rem* jurisdiction. Accordingly, the trial court did not err in granting Mr. Daves' motion to dismiss.

Affirmed.

Judges WEBB and EAGLES concur.