DEER CORPORATION, Plaintiff v. GUY W. CARTER, Defendant

No. COA05-267

(Filed 2 May 2006)

**1. Jurisdiction— evidentiary hearing—more than prima facie showing required—preponderance of evidence**

The trial court did not err by requiring more than a prima facie showing of personal jurisdiction where the case had moved beyond the procedural standpoint of competing affidavits to an evidentiary hearing. The trial court was required to act as fact finder and decide the question of personal jurisdiction by the preponderance of the evidence.

**2. Appeal and Error— hearing to determine jurisdiction— findings supported by competent evidence—binding on appeal**

The trial court's findings were binding in a hearing to determine the existence of personal jurisdiction where those findings were supported by competent record evidence. The appellate court does not weigh the evidence or review questions of the credibility of witnesses.

**3. Evidence— affidavits—personal knowledge**

The trial court did not err in a hearing to determine personal jurisdiction by considering only the allegations in an affidavit that were based on personal knowledge.

**4. Jurisdiction— personal—insufficient contacts—inconvenient for witnesses**

Due process would not be satisfied by requiring defendant to litigate claims in North Carolina where defendant's telephone conversations from Europe and his infrequent visits to North Carolina were not continuous and systematic contacts such that general jurisdiction would apply, and the contacts were not sufficiently related to the allegations against defendant for specific jurisdiction. Moreover, a number of witnesses were residents of Europe; travel would be especially difficult for defendant because his wife suffered from depression and he was the father of three small children.

DEER CORP. v. CARTER

[177 N.C. App. 314 (2006)]

**5. Jurisdiction— dismissal for lack of—Rule 60(b) motion to set aside denied**

The trial court did not abuse its discretion by denying a Rule 60(b) motion to set aside an order granting a motion to dismiss for lack of jurisdiction.

Appeal by plaintiff from order entered 8 November 2004 by Judge Robert P. Johnston in Mecklenburg County Superior Court. Heard in the Court of Appeals 14 November 2005.

*Poyner & Spruill LLP, by P. Marshall Yoder and Joshua B. Durham, for the plaintiff-appellant.*

*Bishop, Capitano & Moss, P.A., by A. Todd Capitano and Raizel Arnholt Kahn, for defendant-appellee.*

MARTIN, Chief Judge.

Plaintiff appeals from the trial court's order dismissing its claim for lack of personal jurisdiction over defendant. For the reasons which follow, we affirm.

Plaintiff is a North Carolina corporation engaged in the business of selling wheel balancing equipment. The equipment is manufactured in Germany by a company called Haweka Auswuchttechnik Horst Warkotsch GmbH ("Haweka Germany"). In March 1999, plaintiff entered into an agreement with Haweka Germany giving plaintiff the exclusive right to distribute its products in North America for twenty years. In 2000, plaintiff hired Jerome Donahue as a sales representative. However, on 30 November 2001, Donahue quit his job with plaintiff without notice and went to work for Haweka Germany. Two weeks later, Haweka Germany sent a letter to plaintiff attempting to terminate their distribution agreement. Allegedly, Haweka Germany intended Donahue to take over its North American distributorship. Plaintiff therefore filed suit against Donahue and Haweka Germany in December, 2001. By January 2002, Haweka Germany had reinstated its distribution agreement with plaintiff.

Defendant worked as an export manager for Haweka Germany and later as a distributor for Haweka products in the United Kingdom. In the course of discovery in plaintiff's case against Donahue, plaintiff came to believe defendant had encouraged Donahue to take valuable business information from plaintiff with the intent of helping him start the new North American distributorship for Haweka's products.

Plaintiff therefore brought the current action against defendant, claiming misappropriation of trade secrets, tortious interference with contract and prospective economic advantage, civil conspiracy, punitive damages, and unfair and deceptive trade practices. Defendant, a resident of Great Britain, moved to dismiss for lack of personal jurisdiction pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(2), and the trial court ordered discovery on the question of jurisdiction.

A hearing on the matter of personal jurisdiction was held on 23 June 2004. At that time, the evidence before the trial court consisted of the depositions of defendant, Donahue, and Allan Hansen (president of plaintiff corporation during the time in question), and competing affidavits submitted by the parties. The evidence conflicted regarding the level of defendant's contacts with North Carolina.

Plaintiff alleged defendant played an active role in the decision to hire Donahue and terminate plaintiff's distribution agreement. Defendant denied any involvement in either decision. Donahue stated in his deposition that while he was working in North Carolina, defendant initiated telephone calls to him about employment possibilities with Haweka Germany. The trial court, however, found Donahue solicited defendant's help in contacting Haweka Germany. Donahue also claimed defendant called him in North Carolina to ask him to prepare a business plan for a new North American distributorship. Defendant denied these allegations. The trial court found there was "no evidence that Carter ever sought the North American distributorship."

Plaintiff contended defendant provided Donahue with a credit card number for him to travel to Haweka Germany's Christmas party in 2001, where the company announced Donahue was its new employee. Defendant denied this allegation and presented his credit card statements for that period of time. The trial court found these statements "appear[ed] to show that his card was never used for such purposes." Donahue first stated in his deposition he believed defendant had provided the credit card number for his travel expenses, but he later admitted he was not sure who had provided the number. The trial court found that "[t]o the extent that Deer's allegation concerning the provision of a credit card number matters for purposes of personal jurisdiction only, the Court finds that Carter did not provide a credit card number to Donahue."

Plaintiff also claimed defendant provided Donahue with a fax number so Donahue could send information removed from Deer's

computer system. Donahue stated in his deposition that during a conference call, Haweka Germany asked him to seek information that would be helpful in allowing it to terminate plaintiff's distribution agreement. Defendant was not a party to that call. Donahue later asked defendant for Haweka Germany's fax number, which defendant provided. However, the trial court found there was "simply no evidence to suggest Carter requested or knew that Donahue wanted [the fax number] to 'send information removed from Deer's computer system.' "

Defendant stated in his deposition that he visited North Carolina once or twice a year between 1996 and 1999. On these visits, he typically flew into Charlotte and traveled with Hansen outside of North Carolina to meet with plaintiff's customers. Defendant admitted that at the end of these visits, he often conducted wrap-up meetings in North Carolina to discuss how best to follow up with the customers he visited during the trip.

Defendant's last visit to North Carolina was in February, 1999. Defendant stated the purpose of this visit was to celebrate Hansen's wedding. He described the visit as a three-day wedding celebration during which there was a "pseudo meeting" for Haweka distributors from around the world, giving the distributors a way to write off their travel to the wedding as a business expense. Hansen, however, stated in his deposition that the three-day event was the annual meeting for Haweka distributors, and while there was a party to celebrate his recent marriage, they "always have a party" at the annual distributors' meeting.

Craig Plummer, an equipment representative and salesperson for Heafner Tire and Products in Mecklenburg County, stated in an affidavit that defendant came to North Carolina in late 1997 or early 1998 to demonstrate Haweka products to at least three Heafner customers. According to Plummer, defendant was in North Carolina from a Monday to a Friday, during which he trained the Griffin Brothers Tire Company's employees on the use of Haweka products. Defendant denied coming to North Carolina for a week to demonstrate products, although he admitted he may have been in North Carolina for a day or two to visit potential customers. Defendant admitted that on a different occasion, he came to North Carolina and trained ten people in the use of Haweka products one weekend, traveled outside of North Carolina during the week to visit other customers, then returned to North Carolina the following weekend to train eleven more people. Hansen also referred to this training visit in his deposition, stating

that defendant trained two classes of Heafner Tire salespeople in North Carolina, with each class lasting two days. He could not remember whether these classes took place on a weekend or during the week.

The trial court granted defendant's motion to dismiss and made, *inter alia*, the following findings of fact:

19. Carter committed no act or omission within North Carolina giving rise to the claims against him. Carter did not make a solicitation within North Carolina giving rise to the claims against him. The Court finds that Donahue initiated the series of telephone conversations between Donahue and Carter, and Carter's alleged return calls to Donahue were not essential elements of any claim asserted by Deer against Carter such that Carter could reasonably be expected to defend claims in North Carolina.

20. Carter's general contacts with the state, including an unspecified number of personal visits ending February, 1999, were not systematic and continuous such that Carter should be expected to defend claims filed nearly five years after his last visit that are factually unrelated to those prior contacts.

21. While Deer Corporation's offices, employees, and a number of its witnesses are located in North Carolina, the Court notes that other witnesses in this litigation are residents of European countries, making litigation in North Carolina highly inconvenient for Carter. Additionally, Carter is the father of three small children, including an infant. His wife suffers from severe post-natal depression making travel difficult for him.

22. After considering the quality, nature and quantity of contacts between Carter and North Carolina, the source and connection of the alleged causes of action to any contacts by Carter, the interest of the State of North Carolina with respect to the claims, and the convenience to the parties, the Court finds that any attempt by this Court to exercise personal jurisdiction over Carter with respect to plaintiff's claims would not comport with the due process rights provided for by the United States Constitution.

The trial court then concluded as a matter of law there was "no statutory basis contained in N.C.G.S. §1-75.4 or elsewhere in the General Statutes upon which the Court may base the exercise of personal jurisdiction over Carter as to the claims asserted against him," and

that "[a]ny attempt by this Court to exercise personal jurisdiction over Carter with respect to plaintiff's claims would not comport with the due process rights provided for by the United States Constitution." The trial court therefore granted defendant's motion to dismiss all claims against him for lack of personal jurisdiction. Plaintiff appealed.

---

### Rule 60(b) Motion

During the pendency of its appeal to this Court, plaintiff moved the trial court to set aside its Order Granting Defendant's Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure. N.C. Gen. Stat. § 1A-1, Rule 60(b) (2005). Although an appeal divests the trial court of jurisdiction, a trial court "retains limited jurisdiction to hear a Rule 60(b) motion and to indicate its probable disposition after the notice of appeal has been entered." *Hagwood v. Odom*, 88 N.C. App. 513, 518, 364 S.E.2d 190, 193 (1988). "Where the trial court indicates . . . that the motion should be denied, this Court will review that action along with any other assignments of error raised by the appellant." *Id.*

Plaintiff argued in its motion that the trial court should set aside its previous order on the bases of newly discovered evidence, fraud, and "[a]ny other reason justifying relief." N.C. Gen. Stat. § 1A-1, Rule 60(b)(2),(3) and (6) (2005). Plaintiff contended "Carter misrepresented his involvement in the transactions complained of, and Carter's misrepresentations related to material jurisdictional facts and precluded Deer from establishing that personal jurisdiction existed." Plaintiff filed additional documents under seal in support of the motion and claimed those documents were "sufficient to establish personal jurisdiction." These documents consisted of (1) notes from a meeting at which defendant was present which discuss the possibility of ending Haweka Germany's relationship with plaintiff and opening a new U.S. office, (2) an email from defendant to Henning Flatt, another Haweka Germany employee, asking Flatt to email Donahue with a credit card number to pay for Donahue's flight to Germany and indicating that Donahue would be on the same flight as defendant into Hannover, Germany, (3) an email from Donahue to defendant in which Donahue lists his monthly expenses and asks for a fax number for Henning Flatt, (4) an email from defendant to Donahue in which defendant gives Donahue the fax number for Henning Flatt, arranges for money to be wired to Donahue, and

asks Donahue to prepare three different business plans, and (5) an email from defendant to a client in North America expressing regret that the reason the client was not buying Haweka products was "because of [defendant's] counterpart in the North American Outlet," which was plaintiff corporation, and seeking a way for the client to purchase Haweka products from another Haweka outlet, "but not from Allan Hansen."

On 27 February 2006, the trial court entered an order denying plaintiff's Rule 60(b) motion to set aside its Order Granting Defendant's Motion to Dismiss for Lack of Personal Jurisdiction. The court found Haweka Germany made these documents available to plaintiff on or about 19 June 2003; however, "[d]espite ample opportunity to do so, neither Deer nor its lawyers have ever indicated that they viewed or even made an effort to view the documents offered for inspection by Haweka Germany in 2003." The trial court made the following additional findings of fact:

13. Deer Corporation failed to exercise diligence in pursuing the newly submitted documents prior to the original hearing. Proper means available to it were not employed. Regardless, the contents of the four documents do not constitute new evidence, rather they tend to either corroborate or contradict evidence previously before the court.

14. Had these documents been available at the original hearing, a different result would not have been reached. The Court found in 2004 that the location of witnesses and particular familial circumstances made litigation in North Carolina highly inconvenient for Carter (Finding of Fact 21) and indicated that this was one of the factors considered in concluding that exercising personal jurisdiction over Carter would not comport with his due process rights. (Finding of Fact 22)

15. Nothing contained in the new documents compels a reversal of these findings. If anything, their essential correctness is confirmed. The parties submitted a total of seven affidavits in connection with this motion. Two of those affidavits were from the lawyers. The remaining five affidavits were from residents of Europe. These affidavits contain allegations reaching far beyond any purported contacts with North Carolina and striking at the heart of the dispute. They make clear that the majority of significant witnesses in this action reside in Europe.

Therefore, the trial court made the following conclusions of law:

2. Deer did not use reasonable diligence in seeking to obtain the documents submitted in connection with this motion.

3. Deer has not shown that Carter committed fraud in connection with the motion to dismiss.

4. Were the Court to reconsider its prior order of dismissal in light of the documents filed with this motion, its conclusions of law would not change.

5. Grounds for relief under Rule 60(b)(6) do not exist.

---

### Plaintiff's Appeal

Plaintiff argues on appeal to this Court that the trial court erred by (1) requiring it to do more than make a *prima facie* showing of jurisdiction, (2) finding no evidence to suggest defendant requested or knew Donahue wanted to send information removed from plaintiff's computer system when such evidence existed in the record, (3) finding no evidence that defendant ever sought the North American distributorship when such evidence existed in the record, (4) failing to consider evidence that was properly in the record when ruling on defendant's motion to dismiss, and (5) dismissing its complaint when the undisputed evidence mandated the exercise of personal jurisdiction over defendant. Also before us on appeal is the trial court's denial of plaintiff's motion to set aside the order granting defendant's motion to dismiss. *See Hagwood,* 88 N.C. App. at 518, 364 S.E.2d at 193 (1988) ("Where the trial court indicates . . . that the [Rule 60(b)] motion should be denied, this Court will review that action along with any other assignments of error raised by the appellant.").

North Carolina General Statute section 1-277(b) provides a right of immediate appeal from an order denying a motion to dismiss for lack of personal jurisdiction. N.C. Gen. Stat. § 1-277(b) (2005). "When this Court reviews a decision as to personal jurisdiction, it considers only 'whether the findings of fact by the trial court are supported by competent evidence in the record;' . . . [w]e are not free to revisit questions of credibility or weight that have already been decided by the trial court." *Banc of Am. Secs. LLC v. Evergreen Int'l Aviation, Inc.,* 169 N.C. App. 690, 694-95, 611 S.E.2d 179, 183 (2005) (quoting *Replacements, Ltd. v. MidweSterling,* 133 N.C. App. 139, 140-41, 515 S.E.2d 46, 48 (1999)). If the findings of fact are supported by compe-

tent evidence, we conduct a *de novo* review of the trial court's conclusions of law and determine whether, given the facts found by the trial court, the exercise of personal jurisdiction would violate defendant's due process rights. *Id.* (stating that "[i]t is this Court's task to review the record to determine whether it contains any evidence that would support the trial judge's conclusion that the North Carolina courts may exercise jurisdiction over defendants without violating defendant's due process rights").

[1] We first address plaintiff's argument that the trial court erred by requiring it to do more than make a *prima facie* showing of jurisdiction. In *Bruggeman v. Meditrust Acquisition Co.*, 138 N.C. App. 612, 615, 532 S.E.2d 215, 217, *disc. review denied*, 353 N.C. 261, 546 S.E.2d 90 (2000), this Court stated:

> If the exercise of personal jurisdiction is challenged by a defendant, a trial court may hold an evidentiary hearing including oral testimony or depositions or may decide the matter based on affidavits. N.C. Gen. Stat. § 1A-1, Rule 43(e). If the court takes the latter option, the plaintiff has the initial burden of establishing *prima facie* that jurisdiction is proper. Of course, this does not alleviate the plaintiff's ultimate burden of proving personal jurisdiction at an evidentiary hearing or at trial by a preponderance of the evidence.

(internal citations omitted). Plaintiff contends the procedural posture of this case was such that the latter option applied because both parties had submitted competing affidavits; therefore, it was only required to make a *prima facie* showing of personal jurisdiction. However, both parties also submitted depositions to the trial court, and its findings are replete with facts taken from these depositions. Furthermore, the trial court held a hearing on the question of personal jurisdiction, and although no witnesses testified at the hearing, both parties argued facts based on the depositions. We therefore conclude this case had moved beyond the procedural standpoint of competing affidavits to an evidentiary hearing. As such, the trial court was required to act as a fact-finder, *Fungaroli v. Fungaroli*, 51 N.C. App. 363, 367, 276 S.E.2d 521, 524, *disc. review denied*, 303 N.C. 314, 281 S.E.2d 651 (1981), and decide the question of personal jurisdiction by a preponderance of the evidence. Plaintiff therefore had the "ultimate burden of proving jurisdiction" rather than "the initial burden of establishing *prima facie* that jurisdiction [was] proper." *Bruggeman*, 138 N.C. App. at 615, 532 S.E.2d at 217.

Plaintiff, however, contends a "clear conflict" exists between *Banc of America Securities* and *Bruggeman* in that "[n]owhere in the *Bruggeman* decision did this Court set forth any categories of motions to dismiss or standards to be applied to motions existing in different procedural postures." *Banc of America Securities* sets out the three following possible procedural postures for a court considering a motion to dismiss for lack of personal jurisdiction: "(1) the defendant makes a motion to dismiss without submitting any opposing evidence; (2) the defendant supports its motion to dismiss with affidavits, but the plaintiff does not file any opposing evidence; or (3) both the defendant and the plaintiff submit affidavits addressing the personal jurisdiction issues." *Banc of Am. Secs. LLC*, 169 N.C. App. at 693, 611 S.E.2d at 182. Both *Banc of America Securities* and *Bruggeman* agree that under the third posture, where parties submit competing affidavits on a defendant's motion to dismiss for lack of personal jurisdiction, the trial court "may hold an evidentiary hearing including oral testimony or depositions or may decide the matter based on affidavits." *Bruggeman*, 138 N.C. App. at 615, 532 S.E.2d at 217; *Banc of Am. Secs. LLC*, 169 N.C. App. at 694, 611 S.E.2d at 183. Simply because the Court in *Bruggeman* did not address each possible procedural standpoint does not create a conflict. This argument is without merit.

[2] Plaintiff next argues the trial court erred in finding no evidence to suggest that defendant requested or knew Donahue wanted to send information removed from plaintiff's computer system because such evidence existed in the record. Plaintiff contends the finding is "clearly erroneous" because Donahue testified defendant asked him to provide information that could be useful in terminating plaintiff's distribution agreement, and once Donahue copied such information from the computer system, he then asked defendant for a fax number.

The trial court found that "[i]n his deposition, Donahue testified simply that he requested Haweka Germany's fax number from Carter." Donahue's deposition testimony supports this finding. Donahue stated that "I asked for Henning Flatt's fax number to fax the document that I had." He did not claim defendant knew the reason he was requesting the fax number or what kind of information the document contained. Although Donahue requested the fax number following the conference call in which he was asked to take information from plaintiff's computer system, the trial court found defendant was not a party to that call. This finding is also supported by Donahue's deposition testimony, in which he stated the conference

call was between himself, Andy Hancock, Henning Flatt, and Dirk Warkotsch. The trial court concluded " '[t]here simply is no evidence to suggest that Carter requested or knew that Donahue wanted to 'send information removed from Deer's computer system.' "

We have already stated that for questions of personal jurisdiction, this Court considers only whether the trial court's findings of fact are supported by competent record evidence. *Banc of Am. Secs. LLC*, 169 N.C. App. at 694, 611 S.E.2d at 183. Plaintiff argues that because Donahue specifically said in his deposition that defendant asked him to take information from plaintiff, the trial court's finding that there was *"no evidence . . .* [defendant] wanted to 'send information removed from Deer's computer system' " was erroneous. (Emphasis added). However, it appears the trial court believed defendant rather than Donahue, and "[w]e are not free to revisit questions of credibility or weight that have already been decided by the trial court." *Banc of Am. Secs. LLC*, 169 N.C. App. at 695, 611 S.E.2d at 183. Because the trial court's findings of fact with respect to defendant's involvement in taking information from plaintiff are supported by the evidence in the record, we are bound by them, even if another possible interpretation of the evidence exists. *Fungaroli*, 51 N.C. App. at 367, 276 S.E.2d at 524 ("The trial judge's findings of fact when supported by competent evidence are conclusive upon this Court even when there is conflict in the evidence."). This argument is overruled.

Similarly, plaintiff argued the trial court erred by finding there was no evidence defendant ever sought the North American distributorship because such evidence existed in the record. Although such evidence can be inferred from the record, defendant denied these allegations, stating in his affidavit that neither he nor his company "ever sought the USA distribution rights from Haweka Germany." Because we do not weigh the evidence or review questions of witness's credibility, *Banc of Am. Secs. LLC*, 169 N.C. App. at 695, 611 S.E.2d at 183, this argument is overruled.

**[3]** Plaintiff also argued the trial court erred in failing to consider certain evidence when ruling on defendant's motion to dismiss. Specifically, the trial court did not consider allegations in Allan Hansen's affidavit that were not based on Hansen's personal knowledge, nor did it consider allegations in the complaint. With respect to allegations in an affidavit, our courts have required they be based upon personal knowledge. North Carolina Rule of Civil Procedure 56(e) states "affidavits shall be made on personal knowledge," and

DEER CORP. v. CARTER

[177 N.C. App. 314 (2006)]

this Court has held Rule 56(e) applies to motions to dismiss. *Lemon v. Combs*, 164 N.C. App. 615, 621-22, 596 S.E.2d 344, 348-49 (2004) (stating the "requirement that affidavits must be based on personal knowledge applies to Rule 43(e) [Evidence on motions]"); *see also Hankins v. Somers*, 39 N.C. App. 617, 620, 251 S.E.2d 640, 642, *disc. review denied*, 297 N.C. 300, 254 S.E.2d 920 (1979) (applying the "personal knowledge" requirement in Rule 56(e) to a motion to dismiss). The Court in *Lemon* also noted "affidavits purporting to establish personal jurisdiction should be based on personal knowledge" and "[s]tatements in affidavits as to opinion, belief, or conclusions of law are of no effect." *Lemon*, 164 N.C. App. at 621, 596 S.E.2d at 348-49. Therefore, the trial court did not err by considering only the allegations in Hansen's affidavit that were based on his own personal knowledge.

Plaintiff's complaint was verified by its current president Thomas Betts. However, the statement of verification averred "the matters stated [in the complaint] are not all within [Betts's] personal knowledge; that the facts therein have been assembled by authorized representatives and counsel for Plaintiff, and he is informed that the facts stated therein are true." The trial court therefore found "[b]ecause Mr. Betts failed to identify any single allegation based on his own, personal knowledge, the Court must disregard his testimony." Plaintiff argues the trial court erred in disregarding the allegations in the complaint when considering defendant's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction.

Our Supreme Court has held that in considering a Rule 56 motion for summary judgment, a trial court may consider "material which would be admissible in evidence" at trial. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 533, 180 S.E.2d 823, 829 (1971). In *Hankins*, this Court reasoned that, like a motion for summary judgment, a motion to dismiss can also result in the termination of a lawsuit. Therefore, in ruling on a motion to dismiss, a court "should rely only on material that would be admissible at trial." *Hankins*, 39 N.C. App. at 620, 251 S.E.2d at 642. In *Inspirational Network, Inc. v. Combs*, 131 N.C. App. 231, 238, 506 S.E.2d 754, 759 (1998), we also stated "the trial court in ruling on a Rule 12(b)(2) motion 'should rely only on material that would be admissible at trial.' The court thus should 'consider whether there were sufficient allegations based upon plaintiff's personal knowledge to support the exercise of personal jurisdiction over the . . . defendants.' " 131 N.C. App. at 238, 506 S.E.2d at 759 (1998) (quoting *Hankins*, 39 N.C. App. at 620, 251 S.E.2d at 642).

Because the allegations in the complaint were not based on Thomas Betts' personal knowledge, we conclude the trial court properly disregarded those allegations in considering the question of personal jurisdiction over defendant.

[4] We now turn to plaintiff's argument that the trial court erred in granting defendant's motion to dismiss "because the undisputed evidence of record mandates the exercise of personal jurisdiction over [defendant]." Having determined the trial court's findings of fact are supported by competent evidence, we must conduct a *de novo* review of the trial court's conclusions of law and determine whether, given the facts found by the trial court, the exercise of personal jurisdiction would violate defendant's due process rights. *Banc of Am. Secs. LLC*, 169 N.C. App. at 694-95, 611 S.E.2d at 183.

A two-step inquiry is used to determine whether our courts have personal jurisdiction over a non-resident defendant. First, we must determine if a basis for jurisdiction exists under the North Carolina "long-arm" statute, and second, whether the exercise of jurisdiction over the defendant will comport with the constitutional standards of due process. *Cameron-Brown Co. v. Daves*, 83 N.C. App. 281, 283, 350 S.E.2d 111, 113 (1986). Because we believe due process would not be met if jurisdiction were exercised over defendant, we need not address the question of whether jurisdiction exists under our "long-arm" statute. *See Globe, Inc. v. Spellman*, 45 N.C. App. 618, 623, 263 S.E.2d 859, 863, *disc. review denied*, 300 N.C. 373, 267 S.E.2d 677 (1980) (stating the Court need not determine whether the contract at issue was in accord with the long-arm statute because even if that statute were met, due process was not).

"To satisfy the requirements of the due process clause, there must exist 'certain minimum contacts [between the nonresident defendant and the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.' " *Banc of Am. Secs. LLC*, 169 N.C. App. at 695, 611 S.E.2d at 184 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 102 (1945)). Our Supreme Court has stated a defendant must "purposefully avail[] himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Tom Togs, Inc. v. Ben Elias Indus. Corp.*, 318 N.C. 361, 365, 348 S.E.2d 782, 786 (1986). The "relationship between the defendant and the forum must be 'such that he should reasonably anticipate being haled into court there.' " *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 62 L. Ed. 2d 490, 501 (1980)).

DEER CORP. v. CARTER

[177 N.C. App. 314 (2006)]

The existence of adequate minimum contacts must be determined "by a careful scrutiny of the particular facts of each case." *Cameron-Brown Co.*, 83 N.C. App. at 284, 350 S.E.2d at 114. Factors to be considered include: "(1) [the] quantity of the contacts between defendant and the forum state, (2) [the] quality and nature of the contacts, (3) the source and connection of the cause of action to the contacts, (4) the interest of the forum state, and (5) [the] convenience of the parties." *Id.* Additional factors are "the location of critical witnesses and material evidence, and the existence of a contract which has a substantial connection with the forum state." *Id.* "No single factor controls; rather, all factors must be weighed in light of fundamental fairness and the circumstances of the case." *Corbin Russwin, Inc. v. Alexander's Hardware, Inc.*, 147 N.C. App. 722, 725, 556 S.E.2d 592, 595 (2001) (internal citation omitted).

A court is said to exercise "specific jurisdiction" where a case arises from or is related to the defendant's contacts with the forum state. Where the defendant's contacts with the state, however, are not related to the suit, we may apply the doctrine of "general jurisdiction." "Under this doctrine, 'jurisdiction may be asserted even if the cause of action is unrelated to defendant's activities in the forum state as long as there are sufficient 'continuous and systematic' contacts between defendant and the forum state.' " *Bruggeman*, 138 N.C. App. at 617, 532 S.E.2d at 219 (citations omitted).

The parties in the present case submitted materially conflicting evidence regarding defendant's contacts with North Carolina. The trial court accepted the facts as set forth by defendant, and having found such findings to be supported by competent evidence, we must determine the question of jurisdiction based on those facts. These facts consist of the following findings: (1) Donahue initiated the series of telephone conversations between Donahue and defendant; (2) defendant's alleged return calls to Donahue were not essential elements of any claim asserted by plaintiff against him; (3) defendant had no role in Haweka Germany's hiring of Donahue, other than to inform Haweka Germany of Donahue's interest and later to relay an offer of employment; (4) defendant neither sought nor received any benefit for informing Haweka Germany of Donahue's interest in working there; (5) defendant had no role in Haweka Germany's attempt to replace plaintiff as its North American distributor, nor did defendant seek the North American distributorship for himself; (6) defendant did not provide Donahue a credit card number for his trip to Germany; (7) in providing Donahue with a fax number for Haweka

Germany, defendant did not know Donahue planned to fax information removed from plaintiff's computer system; (8) defendant made an unspecified number of personal visits to North Carolina, the last of which took place in February 1999; (9) a number of the witnesses are residents of European countries; and (10) defendant is the father of three small children, and his wife suffers from severe post-natal depression, making it difficult for him to travel.

Thus, it appears defendant's contacts with North Carolina include: returning telephone calls to Donahue in North Carolina, which the trial court found was not related to any essential element of plaintiff's claims; relaying an offer of employment to Donahue in North Carolina, which the trial court determined he received no benefit from; and visiting North Carolina for a number of unspecified personal visits ending in February 1999. Plaintiff contends defendant visited North Carolina between four and eight times from 1996 to 1999 and, during those visits, conducted two training sessions, several "wrap-up" meetings, and one international sales meeting near the time of Allan Hansen's wedding celebration. The trial court concluded such contacts were insufficient to incur general jurisdiction over defendant, stating that his "general contacts with the state . . . were not systematic and continuous such that Carter should be expected to defend claims filed nearly five years after his last visit that are factually unrelated to those prior contacts." We agree with the trial court that defendant's telephone conversations with Donahue from Europe and his infrequent visits to North Carolina were not "continuous and systematic" contacts such that general jurisdiction would apply. *Bruggeman*, 138 N.C. App. at 617, 532 S.E.2d at 219.

We now address whether these contacts were sufficiently related to the allegations against defendant to incur specific jurisdiction. Assuming, as we must, defendant did not seek the North American distributorship for himself, one cannot conclude he used the meetings and training sessions he attended in North Carolina as a means to appropriate trade secrets or interfere with contract or prospective economic advantage. Also, accepting as true the trial court's findings that Donahue initiated the series of phone calls between Donahue and defendant, defendant received no benefit from relaying an offer of employment from Haweka Germany to Donahue, defendant did not provide a credit card number for Donahue's travel to Germany, and defendant did not ask Donahue to prepare a business plan for a new North American distributorship, the evidence does not support a conclusion that defendant conspired with Donahue to commit any al-

DEER CORP. v. CARTER

[177 N.C. App. 314 (2006)]

leged act. We cannot conclude, given the facts found by the trial court, plaintiff's claims arise from or are related to defendant's contacts with North Carolina. *Bruggeman,* 138 N.C. App. at 617, 532 S.E.2d at 219.

In addition to the quality and quantity of defendant's contacts with North Carolina and the relationship of those contacts to plaintiff's claims, the trial court also considered the convenience to the parties and the location of witnesses. It found that a number of witnesses in this litigation were residents of European countries and that travel would be difficult for defendant since his wife suffered from severe post-natal depression and he was the father of three small children. Weighing the trial court's findings as a whole, we hold that due process would not be satisfied by requiring defendant to litigate these claims in North Carolina.

[5] Finally, we must review the trial court's 27 February 2006 order denying plaintiff's Rule 60(b) motion to set aside the court's Order Granting Defendant's Motion to Dismiss for Lack of Personal Jurisdiction. Appellate review of a trial court's ruling on a motion made pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b) is limited to determining whether the trial court abused its discretion. *Gallbronner v. Mason,* 101 N.C. App. 362, 364, 399 S.E.2d 139, 140, *disc. review denied,* 329 N.C. 268, 407 S.E.2d 835 (1991). The trial court cited two reasons for denying plaintiff's motion. First, it determined the documents submitted under seal corroborated its previous findings and therefore would not have affected its prior conclusions of law. Second, the court found plaintiffs had the opportunity to obtain and present the evidence in these documents at the evidentiary hearing but failed to do so. *See McGinnis v. Robinson,* 43 N.C. App. 1, 10, 258 S.E.2d 84, 90 (1979) (stating that one factor a trial court should consider in ruling on a 60(b) motion is "the opportunity the movant had to present his claim or defense") (citation omitted). Upon careful review of the sealed documents and the trial court's order, we conclude the trial court did not abuse its discretion in denying plaintiff's Rule 60(b) motion.

Affirmed.

JUDGES McGEE and ELMORE concur.