LEONARDO CORTEZ VITELA, GREGORIO LANDEROS ORTIZ, RAYMUNDO REYES GALINDO, ARTURO SEGOVIA CASTRO, ISIDRO SILVA AMARO AND EFRAIN VASQUEZ FLORES, Plaintiffs v. JOHN A. RICHARDSON, d/b/a J&J AMUSE-MENTS, Defendant

No. COA10-693

(Filed 7 June 2011)

**Jurisdiction— personal jurisdiction—lack of continuous and systematic contacts**

The trial court did not err in a class action alleging overwork and underpayment in violation of state and federal labor laws by granting non-resident defendant's motion to dismiss based on lack of personal jurisdiction. Plaintiffs' allegations did not arise out of defendant's connection to this state, and defendant's contacts with this state were not continuous and systematic in a matter sufficient to justify the exertion of general jurisdiction.

Appeal by plaintiffs from order entered 29 February 2010 by Judge Michael R. Morgan in Wake County Superior Court. Heard in the Court of Appeals 1 December 2010.

*North Carolina Justice Center, by Carol L. Brooke and Clermont Fraser, for plaintiffs.*

*Ross & Van Sickle, PLLC, by R. Matthew Van Sickle and C. Thomas Ross, for defendant.*

ELMORE, Judge.

Leonardo Cortez Vitela, Gregorio Landeros Ortiz, Raymundo Reyes Galindo, Arturo Segovia Castro, Isidro Silva Amaro, and Efrain Vasquez Flores (together, plaintiffs), appeal from the order of the trial court granting a motion by John A. Richardson (defendant Richardson), d/b/a J&J Amusements (together, defendant), to dismiss for lack of personal jurisdiction and improper venue. After careful review, we affirm.

I. BACKGROUND

Very few facts are undisputed, and the trial court's minimal findings provide this Court with little guidance. It appears that the parties agree that defendant Richardson is the owner and operator of

defendant business, a mobile carnival called J&J Amusements, based in New Middletown, Ohio. In 2006, defendant applied to the U.S. Department of Labor for temporary certification to employ foreign workers through the H-2B visa program for work beginning in 2007. Defendant's application included at least one advertisement for positions with J&J Amusements indicating that the carnival would operate in Fayetteville, Lumberton, and Hamlet, North Carolina. A portion of defendant's application also certified that wages paid would " 'equal[] or exceed[] the prevailing wage[,]' " and that " '[t]he job opportunity's terms, conditions and occupational environment are not in contrary [sic] to Federal, State or Local law.' " Plaintiffs are a group of Mexican nationals who assert that they traveled to the United States to work for defendant in 2007 in response to his H2-B recruitment efforts.

On 22 May 2009, plaintiffs filed a class action against defendant in Wake County Superior Court alleging that defendant Richardson both overworked and underpaid plaintiffs in violation of state and federal labor laws. Defendant thereafter filed a motion, pursuant to Rule 12(b)(2) and Rule 12(b)(3), to dismiss for want of personal jurisdiction and improper venue. In an affidavit supporting the motion, defendant Richardson confirmed that he hired some Mexican nationals through the H2-B program to work for him in the 2007 season, but stated also that he was unable to "determine whether these specific plaintiffs ever worked for me." Defendant Richardson further stated that the Mexican nationals he hired in 2007 only worked for him for "a short period at the start of the season while [the carnival] operated in states other than North Carolina," and that they "left abruptly before they ever worked in North Carolina." These latter statements directly contradicted the plaintiffs' assertion, made in their complaint upon information and belief, that plaintiffs began work for defendant in North Carolina.

Plaintiffs filed a brief in opposition to the motion to dismiss which included several exhibits purporting to demonstrate the extent of defendant's contacts with North Carolina. Those exhibits included websites reflecting defendant's participation in North Carolina fairs in 2004, 2005, 2007, 2008, and 2009; North Carolina Department of Labor ride inspections and advance location notice forms from 2009; websites showing that defendant purchased worker's compensation insurance in North Carolina in 2007 and 2010; and Department of Labor records showing both that defendant's carnival was inspected

at various locations in North Carolina between 17 May 2007 and 7 June 2007 and that the carnival was to operate in Lincoln, Catawba, and Surry Counties in May and June 2007.

After considering the motions of both parties and the supporting documents proffered by each, the trial court rendered its opinion as follows:

> [This court] concludes that neither party resides in North Carolina and therefore Wake County is not the appropriate venue, that there is speculation as to whether the cause of action arose in North Carolina and whether any of the Plaintiffs ever worked in North Carolina, and that accordingly any minimum contacts with the State of North Carolina for purposes of personal jurisdiction over Defendant in this matter is too speculative, and that the Motion to Dismiss for lack of jurisdiction and inappropriate venue should be granted.

Plaintiffs timely appealed.

## II. DISCUSSION

Plaintiffs claim that the trial court's determinations of improper venue and lack of personal jurisdiction were erroneous as a matter of law. Because we conclude that the trial court's grant of defendant's motion to dismiss was proper on grounds of lack of personal jurisdiction, we do not reach plaintiffs' contentions concerning the propriety of the trial court's venue determination.

Our Courts apply a two-prong test to determine the existence of personal jurisdiction over a non-resident defendant. *Deer Corp. v. Carter*, 177 N.C. App. 314, 326, 629 S.E.2d 159, 168 (2006). "First, we must determine if a basis for jurisdiction exists under the North Carolina 'long-arm' statute, and second, whether the exercise of jurisdiction over the defendant will comport with the constitutional standards of due process." *Id.* (citing *Cameron-Brown Co. v. Daves*, 83 N.C. App. 281, 283, 350 S.E.2d 111, 113 (1986)). If we determine that due process would not be satisfied if jurisdiction were exercised over a particular defendant, "we need not address the question of whether jurisdiction exists under our 'long-arm' statute." *Id.*

The Due Process Clause of the Fourteenth Amendment to the United States Constitution is satisfied where either specific or general jurisdiction over a defendant in a civil matter exists in the courts of a forum state. *Havey v. Valentine*, 172 N.C. App. 812, 814-15,

616 S.E.2d 642, 646 (2005). Specific jurisdiction exists where, first, a defendant has certain minimum contacts with a given forum so that traditional notions of fair play and substantial justice are not offended by a court's exercise of jurisdiction over the defendant in that forum, *Cherry Bekaert & Holland v. Brown*, 99 N.C. App. 626, 632, 394 S.E.2d 651, 655 (1990), and, second, where the cause of action against the defendant was related to or arose from the defendant's activities within the forum. *Deer Corp.*, 177 N.C. App. at 327, 629 S.E.2d at 169. General jurisdiction exists where a defendant's contacts with a forum state are so "continuous and systematic" as to allow a court sitting in that forum to exercise personal jurisdiction over that defendant regardless of the nature of a plaintiff's cause of action. *Id.*

We review the trial court's conclusion that neither type of jurisdiction exists in the instant case de novo. *Id.*, 177 N.C. App. at 321-22, 629 S.E.2d at 165. We will, however, defer to the trial court's findings of facts so long as they are supported by competent evidence. *Id.*, 177 N.C. App. at 321, 629 S.E.2d at 165. Here, the trial court made informal findings of fact that neither of the parties resided in North Carolina, and that speculation existed as to whether plaintiffs ever worked in North Carolina. Neither of these findings is necessarily dispositive of defendant's claim of lack of jurisdiction. "However, when there is no request of the trial court to make [specific] findings, 'we presume that the judge found facts sufficient to support the judgment.'" *Cherry Bekaert & Holland*, 99 N.C. App. at 630, 394 S.E.2d at 654 (quoting *Church v. Carter*, 94 N.C. App. 286, 289, 380 S.E.2d 167, 169 (1989)). No such request was made in this case. Therefore, "[if the] presumed findings are supported by competent evidence in the record, [they] are conclusive on appeal, notwithstanding other evidence in the record to the contrary." *Id.* (citation omitted).

A. Lack of general jurisdiction

The trial court correctly determined that defendant's contacts with North Carolina are insufficient to establish general jurisdiction over defendant. The extent of a defendant's contacts with this State "must be determined 'by a careful scrutiny of the particular facts of each case.'" *Deer Corp.*, 177 N.C. App. at 327, 629 S.E.2d at 169 (quoting *Cameron-Brown Co.*, 83 N.C. App. at 284, 350 S.E.2d at 114). The presence of sufficient contacts is determined "not by using a mechanical formula or rule of thumb[,] but by ascertaining what is fair and reasonable under the circumstances." *Rossetto USA, Inc. v. Greensky Financial, LLC*, 191 N.C. App. 196, 200, 662 S.E.2d 909, 913 (2008)

(citation omitted). In determining whether general jurisdiction exists, the factors considered in determining the existence of specific jurisdiction are useful guideposts. *See Deer Corp.*, 177 N.C. App. at 327-28, 629 S.E.2d at 169-70 (using the first two factors of the "minimum contacts" test to determine the extent of a defendant's contacts for the purposes of a general jurisdiction analysis). Such factors include "(1) [the] quantity of the contacts between defendant and the forum state, [and] (2) [the] quality and nature of the contacts[.]" *Id.*, 177 N.C. App. at 327, 629 S.E.2d at 169 (stating further that "[a]dditional factors are 'the location of critical witnesses and material evidence, and the existence of a contract which has a substantial connection with the forum state' ").

As to the quantity and quality of defendant's contacts with North Carolina, plaintiffs produced evidence in opposition to defendant's motion to dismiss indicating that defendant has operated his mobile carnival in this state in 2004, 2005, 2007, 2008, and 2009. In each instance, defendant appears to have operated in North Carolina for no more than a few weeks. Defendant also submitted to the Department of Labor's inspections and regulations for the purposes of operating his carnival in state. Finally, defendant purchased worker's compensation insurance in North Carolina in 2007 and 2010. The trial court concluded that these contacts were insufficient to establish general jurisdiction, and we agree.

Plaintiffs contend that the facts of this case are analogous to the facts presented to this Court in *Cherry Bekaert & Holland*. In that case, this Court concluded that the defendant, a certified public accountant formerly employed by a North Carolina accountant partnership had contacts that were continuous and systematic to justify the trial court's exercise of general jurisdiction over him. *Cherry Bekaert & Holland*, 99 N.C. App. at 634-35, 394 S.E.2d at 657-58. The defendant's contacts in that case, however, were both quantitatively and qualitatively greater than the contacts of defendant; there, at the time that suit was filed against him, the defendant actively participated in the management of a resident North Carolina business. *Id.*, 99 N.C. App. at 634, 394 S.E.2d at 657. That defendant "returned to North Carolina for yearly corporate meetings, participated in partnership management decisions as managing partner of the Mobile [, Alabama,] office, consulted by telephone and corresponded with plaintiff in North Carolina concerning business matters on a continuous and prolonged basis." *Id.* Defendant on the other hand, carries on no substantial activity in North Carolina when his carnival is not operating

here, meaning that, for the vast majority of a given year, defendant's contacts with North Carolina are virtually non-existent.

This case more closely resembles the case of *Deer Corp*: there, we held that a defendant who returned telephone calls to a prospective employee in North Carolina, relayed an offer of employment to that employee in North Carolina, and visited North Carolina a number of times over several years to conduct employee training sessions, wrap-up meetings, and one international sales meeting lacked the continuous and systematic contacts necessary for an exercise of general jurisdiction. 177 N.C. App. at 328, 629 S.E.2d at 169. As was the case in *Deer Corp.*, defendant's visits to North Carolina are brief, and constitute a small part of his carnival operation during carnival season. For these reasons, we agree with the trial court that North Carolina courts lack general jurisdiction over Mr. Richardson.

B. Lack of specific jurisdiction

Having decided that defendant's contacts are not sufficient to warrant the exercise of general jurisdiction over him, we must determine whether plaintiffs' cause of action is sufficiently related to the contacts he does have with North Carolina to warrant the exercise of specific jurisdiction. We conclude that any such relation is lacking.

Plaintiffs alleged in their complaint that they began work for defendant in North Carolina. Defendant Richardson, in an affidavit supporting his motion to dismiss, asserted that plaintiffs abandoned the carnival before it arrived in North Carolina. In the face of those assertions, the trial court found plaintiffs' statements as to their work in North Carolina "too speculative" to support the exercise of jurisdiction.

> "Where unverified allegations in the complaint meet plaintiff's initial burden of proving the existence of jurisdiction . . . and [the] defendant [does] not contradict plaintiff's allegations in their sworn affidavit, such allegations are accepted as true and deemed controlling" . . . . However, where, as in this case, defendants submit some form of evidence to counter plaintiffs' allegations, those allegations can no longer be taken as true or controlling and plaintiffs cannot rest on the allegations of the complaint.

*Bruggeman v. Meditrust Acquisition Co.*, 138 N.C. App. 612, 615-16, 532 S.E.2d 215, 218 (2000) (quoting *Inspirational Network, Inc. v. Combs*, 131 N.C. App. 231, 235, 506 S.E.2d 754, 758 (1998)). A plaintiff's burden of demonstrating prima facie grounds for personal jurisdiction under such circumstances can be satisfied only where some

form of evidence in the record supports the exercise of personal jurisdiction. *Id.*, 138 N.C. App. at 616, 532 S.E.2d at 218 (citing *Liberty Finance Co. v. North Augusta Computer Store*, 100 N.C. App. 279, 395 S.E.2d 709 (1990)).

In response to defendant's motion and affidavit, plaintiffs filed a brief containing evidence concerning defendant's contacts with North Carolina, including evidence that defendant operated the carnival in North Carolina in 2007. None of this evidence, however, contradicts defendant Richardson's assertion that plaintiffs ceased working for him prior to the carnival's arrival in North Carolina. We presume that the trial court's finding that plaintiffs' contentions were "too speculative" amounts to a finding that plaintiffs did not work in North Carolina. This presumed finding is supported by the record.

If, as the trial court found, plaintiffs never worked in North Carolina, defendant's alleged misbehaviors do not arise from or relate to his contacts with this State. *See Brown v. Meter*, 199 N.C. App. 50, 58, 681 S.E.2d 382, 388-89 (2009) (noting that specific jurisdiction did not exist where a tire manufacturer was sued for an accident, allegedly caused by defective tires, that occurred in France). Specific jurisdiction is, therefore, lacking.

Plaintiffs contend, however, that personal jurisdiction might still be properly exercised over defendant because plaintiffs' causes of action relate to the breach of an employment contract that has a substantial relation to North Carolina. "Although a contractual relationship between a North Carolina resident and an out-of-state party alone does not automatically establish the necessary minimum contacts with this State, nevertheless, a single contract may be a sufficient basis for the exercise of in personam jurisdiction." *Tom Togs, Inc. v. Ben Elias Indus. Corp.*, 318 N.C. 361, 367, 348 S.E.2d 782, 786 (1986).

Plaintiffs rely on defendant's application and advertisements for H2-B workers and, specifically, on the references to North Carolina contained therein as conclusive proof that defendant and plaintiffs formed a binding employment contract with a substantial connection to this state. We cannot agree with plaintiffs' view.

In *Tom Togs, Inc.*, for example, this Court that held a contract had a substantial connection with this state where an out-of-state defendant contacted the plaintiff in North Carolina to instigate contract negotiations and where the contract was to be substantially performed in North Carolina. *Id.*, 318 N.C. at 367, 348 S.E.2d at

EVONIK ENERGY SERVS. GMBH v. EBINGER

[212 N.C. App. 385 (2011)]

786-87. By contrast, plaintiffs in the instant case are not North Carolina residents, and only a small portion of the work they were employed to perform was scheduled to take place in North Carolina. For these reasons, we hold that specific jurisdiction has not been shown to exist in this case.

III. CONCLUSION

Because plaintiffs' allegations against defendant did not arise out of defendant's connection to this state, and because defendant's contacts with this state are not continuous and systematic in a manner sufficient to justify the exertion of general jurisdiction over his person, the order of the trial court granting defendant's motion to dismiss for lack of personal jurisdiction is affirmed.

Affirmed.

Judges HUNTER, Robert C. and CALABRIA concur.