STATE OF NORTH CAROLINA, EX REL. ROY COOPER, ATTORNEY GENERAL OF NORTH CAROLINA v. RIDGEWAY BRANDS MANUFACTURING, LLC, A NORTH CAROLINA CORPORATION; RIDGEWAY BRANDS, INC., A KENTUCKY CORPORATION; FRED A. EDWARDS, A CITIZEN OF KENTUCKY IN HIS INDIVIDUAL CAPACITY; CARL B. WHITE, A CITIZEN OF KENTUCKY IN HIS INDIVIDUAL CAPACITY, AND TREVALLY, INC., AN ARIZONA CORPORATION

No. COA06-1711

(Filed 15 January 2008)

## 1. Appeal and Error— appealability—dismissal of party based on lack of personal jurisdiction—substantial right

Although plaintiff appeals from an interlocutory order that dismisses a party for lack of personal jurisdiction but does not dispose of all matters pending in the case, plaintiff is entitled to an immediate appeal because an order dismissing a party for lack of personal jurisdiction affects a substantial right.

## 2. Civil Procedure— motion to dismiss—standard of review

The Court of Appeals' review of a motion to dismiss for lack of personal jurisdiction was limited to the issue of whether the trial court's findings of fact support its conclusions of law that there was no personal jurisdiction over defendant Trevally on a statutory or constitutional due process basis, because appellant did not assign as error any of the trial court's findings of fact but only assigned error to the trial court's granting of defendant's motion to dismiss.

## 3. Jurisdiction— personal jurisdiction—out-of-state corporate defendant—failure to show availed itself of laws and privileges of state

The trial court did not err by dismissing plaintiffs' claims against defendant foreign corporation under N.C.G.S. § 1A-1, Rule 12(b)(2) based on lack of personal jurisdiction, because: (1) plaintiff's conclusory allegation in the second amended complaint was insufficient to establish that defendant is the alter ego of a North Carolina corporation for purposes of determining whether North Carolina courts have jurisdiction over defendant; (2) plaintiff failed to cite authority as required by N.C. R. App. P. 28(b)(6) for its proposition that North Carolina courts have personal jurisdiction over an out-of-state corporation if it is the alter ego of a North Carolina corporation; and (3) plaintiff failed to allege that the out-of-state corporate defendant was present in

North Carolina at the time of the alleged transaction or otherwise availed itself of the laws and privileges of this State.

Appeal by plaintiff from judgment entered 27 October 2006 by Judge James C. Spencer, Jr. in Wake County Superior Court, dismissing plaintiff's claims against defendant Trevally, Inc. Heard in the Court of Appeals 20 September 2007.

> *Roy Cooper, Attorney General, by Melissa L. Trippe and Richard L. Harrison, Special Deputy Attorney Generals, for plaintiff-appellant.*
>
> *Poyner & Spruill, L.L.P., by J. Nicholas Ellis, for the defendant.*

STEELMAN, Judge.

Where the plaintiff failed to allege that an out-of-state corporate defendant (Trevally, Inc. or "Trevally") was present in North Carolina at the time of the alleged transaction or otherwise availed itself of the laws and privileges of this State, the trial court did not err in dismissing the plaintiff's claims against defendant Trevally pursuant to N.C. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

## I. Factual and Procedural Background

This is the second time this year that this case has come before this Court. A detailed discussion of the prior procedural history of this matter is contained in our opinion in the case of *State v. Ridgeway Brands Mfg., LLC*, 184 N.C. App. 613, 646 S.E.2d 790 (2007) (*Ridgeway I*). On 10 May 2006, the Superior Court of Wake County entered an order allowing plaintiff to amend its First Amended Complaint to add Trevally, Inc. (Trevally), an Arizona corporation, as a party defendant to this lawsuit. The amended complaint added a seventh claim against Trevally seeking to recover funds transferred from Ridgeway Brands Manufacturing, LLC (Ridgeway) to Trevally at a time when Ridgeway did not have sufficient assets to pay its liability to the State of North Carolina under N.C. Gen. Stat. § 66-291.

On 27 July 2006, Ridgeway and Trevally filed motions to dismiss pursuant to N.C.G.S. § 1A-1 Rules 12(b)(2) and 12(b)(6). These motions were heard before Judge Spencer on 15 September 2006. The State submitted a limited portion of the deposition of defendant James C. Heflin (Heflin) to the court. On 23 October 2006, the court denied the motion to dismiss pursuant to Rule 12(b)(6) but granted

Trevally's motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction. The order contained specific findings of fact and concluded as a matter of law that:

> The factual allegations contained in Plaintiff's Second Amended Complaint and in the deposition of James C. Heflin are not sufficient to support a determination that personal jurisdiction exits [sic] on a statutory or constitutional due process basis.

From the entry of this order, plaintiff appeals.

## II. Interlocutory Appeal

[1] The order appealed from does not dispose of all matters pending in the case, and is therefore interlocutory. *See N.C. Dept. of Transp. v. Page*, 119 N.C. App. 730, 733, 460 S.E.2d 332, 334 (1995). However, an order dismissing a party for lack of personal jurisdiction affects a substantial right and is immediately appealable. N.C.G.S. § 1-277(a)-(b) (2005).

## II. Standard of Review

[2] Motions to dismiss for lack of personal jurisdiction are heard by the trial court sitting without a jury. The trial court may hold an evidentiary hearing including oral testimony or depositions or may decide the matter based upon affidavits. N.C.G.S. § 1A-1, Rule 43(e). Under the provisions of N.C.G.S. § 1A-1, Rule 52(a)(2), findings of fact and conclusions of law are necessary only when requested by a party. In the absence of such a request, "it will be presumed that the judge, upon proper evidence, found facts sufficient to support the judgment." *J.M. Thompson Co. v. Doral Mfg. Co.*, 72 N.C. App. 419, 424, 324 S.E.2d 909, 912 (1985). In the event that the trial court makes findings of fact, our review is limited to whether the trial court's findings of fact are supported by competent evidence in the record and whether the conclusions of law are supported by the findings of fact. *See Robbins v. Ingham*, 179 N.C. App. 764, 768, 635 S.E.2d 610, 614 (2006).

"Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal." *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991) (citations omitted). In the instant case, appellant does not assign as error any of the trial court's findings of fact, but only assigns error to the trial court's granting of Trevally's motion to dismiss. Our review in this case is thus limited to the issue

of whether the trial court's findings of fact support its conclusion of law that there was no personal jurisdiction over Trevally "on a statutory or constitutional due process basis."

### III. Analysis

[3] Plaintiff contends that the trial court erred in holding that it had no personal jurisdiction over Trevally, reasoning that: (1) Trevally is the "alter ego" of Ridgeway, a North Carolina corporation; (2) jurisdiction exists under N.C.G.S. § 1-75.4(3) arising out of a local act or omission; and (3) jurisdiction exists under N.C.G.S. § 1-75.4(6) because the transaction involves local property which was within this State at the time that Trevally acquired possession or control over it. We disagree.

In the Second Amended Complaint, plaintiff made the following allegations pertaining to defendants Trevally and Ridgeway:

7. Defendant, Trevally, Inc., . . . is upon information and belief an Arizona corporation with its principal place of business at 105 West Rose Lane, Phoeniz [sic], Arizona, 85013 which address is a personal residence of James C. Heflin, who is an owner and member manager of Defendant Ridgeway Manufacturing. Upon information and belief, Defendant Trevally is owned and operated by James C. Heflin and Suzanne C. Heflin and was the receiver of fraudulent conveyances from Defendant Ridgeway Manufacturing.

. . . .

12. This Court has personal jurisdiction over Defendant Trevally pursuant to N.C. Gen. Stat. § 1-75.4(6)(c), as this Defendant has assets of Defendant Ridgeway Manufacturing, which were in North Carolina at the time they were conveyed to Defendant Trevally and which must be recovered to satisfy escrow obligations and penalties herein claimed to be owed to Plaintiff by Defendant Ridgeway Manufacturing. Further this Court has personal jurisdiction over Defendant Trevally because this Defendant is one and the same with or an alter ego of Defendant Ridgeway Manufacturing.

. . . .

79. Defendant Trevally is the alter ego of Defendant Ridgeway Manufacturing.

The only additional evidence introduced at the hearing was the partial deposition of Heflin.

### A. Alter Ego Theory

We first note that Judge Spencer's order is devoid of any findings of fact pertaining to an alter ego theory. In such a situation it is presumed that the trial court found facts sufficient to support his order. *See Thompson Co.*, 72 N.C. App. at 424, 324 S.E.2d at 912.

Plaintiff first argues that the courts of North Carolina have jurisdiction over Trevally because Trevally is the alter ego of Ridgeway, a North Carolina corporation, and the courts of North Carolina have jurisdiction over Ridgeway.

In our previous opinion in this matter, we held that plaintiff's detailed allegations concerning the relationship between Heflin and Ridgeway were sufficient to state a claim for "piercing the corporate veil." *Ridgeway I*, 184 N.C. App. at 622, 646 S.E.2d at 797. However, in the instant case, plaintiff does not allege in the Second Amended Complaint or argue in its brief that Trevally is the alter ego of Heflin, but rather contends that Trevally is the alter ego of Ridgeway. Plaintiff's support for this contention is a single allegation contained in paragraph 79 of the Second Amended Complaint, which is not further argued in its brief. Plaintiff's argument fails for two reasons.

First, in any challenge to personal jurisdiction, "plaintiff has the burden of proving *prima facie* that a statutory basis for jurisdiction exists." *Godwin v. Walls*, 118 N.C. App. 341, 347, 455 S.E.2d 473, 479 (1995) (internal quotations and citations omitted). We hold that plaintiff's conclusory allegation in the Second Amended Complaint is insufficient to establish that Trevally is the alter ego of Ridgeway for purposes of determining whether the courts of North Carolina have jurisdiction over Trevally.

Second, plaintiff cites no authority for its proposition that if an out-of-state corporation is the alter ego of a North Carolina corporation, then the courts of North Carolina have personal jurisdiction over the out-of-state corporation. Where a party fails to cite authority in support of its argument, it is deemed abandoned. N.C. R. App. P. 28(b)(6).

This argument is without merit.

## B.  Local Act or Omission

Plaintiff next contends that the courts of North Carolina have personal jurisdiction over Trevally pursuant to the provisions of N.C.G.S. § 1-75.4(3).

This statute provides that the courts of this State have jurisdiction as follows:

> (3) Local Act or Omission.—In any action claiming injury to person or property or for wrongful death within or without this State arising out of an act or omission within this State by the defendant.

N.C.G.S. § 1-75.4(3) (2005).

Finding of fact 5 of Judge Spencer's order states:

> There are no factual allegations in the Second Amended Complaint or in the portion of the deposition of James C. Hẻflin introduced by Plaintiff that Trevally was in North Carolina when it received the payments describe [sic] above or that it had any contact with North Carolina other than receiving the payments described above.

As noted above, since plaintiff failed to assign error to this finding of fact, we are bound by it on appeal. *See Koufman*, 330 N.C. at 97, 408 S.E.2d at 731. There being no "act or omission within this State by the defendant," we affirm the ruling of the trial court.

This argument is without merit.

## C.  Local Property

Plaintiff next contends that the courts of North Carolina have personal jurisdiction over Trevally pursuant to the provisions of N.C.G.S. § 1-75.4(6)c.

This statute provides that the courts of this State have jurisdiction in any action arising out of:

> c. A claim that the defendant return, restore, or account to the plaintiff for any asset or thing of value which was within the State at the time of the defendant acquired possession or control over it.

N.C.G.S. § 1-75.4(6)c (2005).

Finding of fact 5, *supra*, specifically states that Trevally was not in the State of North Carolina when it received the funds from Ridgeway. We must therefore affirm the trial court.

This argument is without merit.

Because of our holdings above, it is unnecessary to address plaintiff's Constitutional arguments.

AFFIRMED.

Judges BRYANT and GEER concur.